L. M. FUTCH, JR., *Appellant,* vs. STATE OF FLORIDA, *Appellee.*

Opinion filed April 25, 1931.

Petition for rehearing denied May 28, 1931.

*Rogers & Rogers,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General and *Roy Campbell,* Assistant, for Defendant in Error.

ADAMS, Circuit Judge:

Upon a charge of unlawfully withholding support from his minor children, Vivian and Carolyn Futch, based upon provisions of Section 7654, C. G. L., the appellant, L. M. Futch, Jr., was informed against in the Criminal Court of Polk County. On April 3rd, 1930, after trial he was found guilty. On April 4th, 1930, he was sentenced to pay a fine of Five Hundred ($500.00) Dollars, and costs, or be imprisoned in the county jail for six months. The judgment further provided that the sentence be suspended:

"upon the giving by defendant of a bond in the sum of $500.00, payable to the Governor of the State of Florida, conditioned that the said defendant pay to

Mrs. Millard Futch, for the benefit of the two minor children of said defendant, the sum of $40.00 per month, payable on the 15th of each and every month, said payment to begin on the 15th day of April, 1930.''

The record here does not disclose that any motion for a new trial was made, or any other proceeding had seeking to set aside the verdict. No question is raised here as to the legality of the charge, the sufficiency of the evidence to support it, the correctness of the verdict, or the justice of the judgment rendered thereon. No writ of error was sought to have the validity of the proceedings adjudicated by the appellate court. The only question presented here for decision is, whether or not the Judge of the Criminal Court had the authority, under the statute, to fix the amount and conditions of the bond, by the giving, acceptance and approval of which, as provided by law, the defendant could escape the imposition of sentence, or whether the Judge could only impose a sentence, and then leave it to the defendant to construe the statute, and give such bond as he thought proper under its provisions.

A few days after his conviction, Mr. Futch, accompanied by his attorney, Mr. Rogers, and two physicians, appeared before the Court, presumably to make some representations regarding the health of Mr. Futch. Nothing came of this except a letter written by the Judge to Mr. Peterson, Criminal Court Solicitor, and copy thereof sent to Mr. Rogers. The letter is as follows:

April 11th, 1930.

Hon. J. H. Peterson,
County Solicitor,
Lakeland, Florida.
Dear Sir:- Re: State vs. Futch.

As I understand, the defendant is in a serious physical

condition and will have to be sent immediately to some sanitarium, in fact it seems he is verging on insanity. Mr. D. O. Rogers, his attorney, made application this morning, having Dr. Freeman of Lakeland present who made a statement, to have the sentence against defendant suspended. I desire to be very cautious with reference to suspending a sentence, and would be pleased to have you look into the matter further, and also probably confer with Mr. D. O. Rogers, defendant's attorney.

It would probably be a better course legally for Mr. Rogers to make application to have the sentence which I have just passed in the case, set aside and to withhold the sentence until next term or some subsequent term until Mr. Futch's condition is better. There should be a formal application for this purpose with affidavit or affidavits showing Mr. Futch's condition. I shall be pleased to have you consider this matter from a legal standpoint, and also have Mr. Rogers to do likewise. I am sending Mr. D. O. Rogers a copy of this letter.

Yours very truly,

Judge.

A day or so after this letter was written, Mr. Futch left for Atlanta to enter Brawner's Sanitarium, a well-known institution throughout the South. Apparently no attention was paid to Judge Olliphant's suggestions as to the proper course to pursue to secure suspension of sentence. Mr. Rogers in his testimony (R. P. 42) says "I gave it no further consideration" and further that he probably owed Judge Olliphant an apology for his apparent disregard of the suggestions of the Court, which, he added, was "certainly not intentional." This Court recognizes Mr. Rogers as a practitioner of high character, who would not purposely be indifferent to the suggestions made by Judge

Olliphant, but the fact remains that nothing else was done to properly procure suspension of the sentence. Mr. Futch returned from Atlanta in August, and on August 18th, 1930, he filed a bond conditioned to pay $40.00 per month for the support of his children. However, this bond was not accepted nor approved, and counsel states in his brief that it was only a temporary bond given to satisfy the prosecuting witness.

Nothing further was done until September 22nd, 1930, when on motion of the County Solicitor, the Court ordered commitment to issue, and Mr. Futch was taken into custody. Then the habeas corpus proceedings got under way. At the same time Mr. Futch conceived the idea of filing a bond for $1000.00 conditioned as he deemed it ought to be to "provide his children with necessary and proper home, food, clothing and care from the date hereof." This bond, like the other, was not approved. On September 23rd, 1930, the hearing on the writ of habeas corpus was had before Judge Taylor and Mr. Futch was remanded to custody, and his release denied. The correctness of this judgment is here for decision.

It appears to be the contention of appellant's counsel, that in a case of this kind, the only authority of the trial Judge is to impose sentence, and then if the defendant desires to avoid it, he has a right to construe the statute and give such bond as he thinks proper under its provisions. With this idea we cannot agree. On the contrary we think that after the conviction of a defendant in a case like this, the trial Judge has the authority, within the purpose and purview of the statute, to fix the conditions of the bond by the giving which, and its legal acceptance and approval, the defendant may avoid the sentence. This Judge Olliphant did, but Mr. Futch has failed to comply therewith, but in-

stead elected to pursue a course as regards the bond, which he, in his judgment thought proper, without regard to the requirements of the judgment pronounced by the Court.

Mr. Futch testifies (R. P. 22) that he is able to support his children, but the record shows clearly that from the date of his conviction on April 3rd, 1930, until September 23rd, 1930, the date of the habeas corpus hearing, a period of more than five months, he only contributed the sum of twenty-five ($25.00) Dollars, toward their support. But even this small payment was not made until the Judge had informed his counsel that unless some payments were made the defendant would be committed to jail.

It is the moral and legal duty of every father to support his minor children, and the statute under which this appellant was prosecuted, is a wise legislative enactment providing means whereby those fathers who are indifferent to their duty may feel the power of the law, and be compelled to support their children or suffer punishment.

To care for, protect, defend and support his children should be regarded as a labor of love by every father. Children are the sweetest gift granted by the Creator to those joined together in the holy wedlock which He has sanctioned in His word, and which is recognized and upheld by the law of the land. Children are the brightest flowers in the garden of life to bring joy and happiness to those who are blessed with the honor of parenthood. Their coming may bring its care, burden, and responsibility, but the meeting of these should become a pleasure inspired by the love which should glow in the hearts of all parents for their children.

This record has been carefully studied and the Court sees no error in the judgment of the learned Judge of the lower Court in remanding the appellant to custody. Therefore, the judgment is affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND BROWN, J.J., concur.

ELLIS, J., agrees to the conclusion.

DAVIS, J., disqualified.