STATE OF FLORIDA, ex rel. HERMAN POSTON, *Relator,* vs. THAD BELL, Sheriff of Walton County, Florida; NATHAN MAYO, Commissioner of Agriculture of the State of Florida, and the Superintendent of the State Prison at Raiford, Florida, and their Deputies, *Respondents.*

143 So. 151.

Division B.

Opinion filed July 21, 1932.

Petition for rehearing denied October 3, 1932.

*W. W. Flournoy,* for Relator;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Respondents.

PER CURIAM.—Herman Poston was convicted under Section 7654 C. G. L., 5496 R. G. S., of the crime of withholding means of support from his wife and child. The

sentence of two years in State Prison was affirmed by this Court without opinion. See Poston v. State, 104 Fla. 711, 140 Sou. Rep. 782.

Application was made to the Circuit Judge to fix bond for the release of the defendant from punishment under the sentence. This procedure is provided for by said Section 7654, *supra*. The provision of the statute relating to such application reads as follows:

"* * * Provided, further, that the said husband or wife, as the case may be, may at any time, either before or after conviction, appear before the court in which charged, and enter into a good and sufficient bond, payable to the Governor of the State of Florida, in a sum to be fixed by the court, not less than one hundred dollars or more than one thousand dollars, conditioned that he, or she, as the case may be, will provide the wife and child, or children, or the wife where there is no child, or the child or children, as the case may be, with necessary and proper home, food, clothing and care; or will, for such purposes, pay to a trustee, to be appointed by the court, promptly as the court may by order require, weekly, monthly, or quarterly, such sum as the court may decide to be just and proper; or in the event such child or children be in a home or institution for children that he or she, as the case may be, will pay to the manager or superintendent of such home or institution the reasonable and necessary cost of the care and maintenance of such child or children therein, the amount and time of payments to be fixed by the court, whereupon the party charged shall be released from custody or further punishment under such charge."

The contention here on habeas corpus is that the Circuit Judge exceeded his authority under the statute in undertaking to require defendant to give bond different in terms and character from that the statute provides for and that therefore an order of the Circuit Judge committing petitioner to state prison under the original

conviction and sentence under which he is shown to be held in custody, is illegal. ·

The statute, not the court, fixes the terms and conditions of the bond. The only exception is that the trial Judge is permitted to fix the *amount* of the bond to be given, within the statutory limitations, and also the *amount* of money which shall be paid by the convicted defendant to the trustee appointed by the court to act when certain stated contingencies occur.

The statute contemplates that the convicted defendant may enter into a bond, in a sum to be fixed by the court, not less than one hundred dollars and not more than one thousand dollars, conditioned that he will provide the wife or child, or both, as the case may be, with necessary and proper home, food, clothing and care. This is the primary obligation to be enforced, and the only obligation which can be exacted of the defendant in the first instance.

But, so the statute provides, the defendant may, by way of commutation of the obligation to provide his wife or child, as the case may be, with necessary and proper home, food, clothing and care, be permitted to pay "for such purposes" to a trustee to be appointed by the court, promptly as the court may order or require, weekly, monthly or quarterly, such sum of money as the court may decide to be just and proper, etc., for such commutation.

But, the court is without authority under the statute to deprive the defendant of his right, if he wishes to do so, of complying with the law and his bond, by furnishing his wife or child, as the case may be, with necessary and proper home, food, clothing and care in lieu of paying any stated sum of money to a trustee as authorized by the statute as a substitute for the proper home, food, clothing and care which is otherwise required.

The language of the statute is, that the defendant shall be required to give bond to furnish his named dependents with necessary home, food, clothing and care, *or*, for "such purposes," pay to a trustee such sums of money as the court shall fix.

It is not contemplated by the statute that the defendant may be required to do both, or that he shall be derived of his right to furnish his dependents with necessary home, food, clothing and care instead of paying any stated sums of money at all. The requirement to pay the stated sums of money is to be enforced only in the event the defendant does not furnish his dependents with necessary and proper home, food, clothing and care in kind.

Nothing said in Futch vs. State, 101 Fla. 328, 134 Sou. Rep. 791, is contrary to the views herein expressed, the point there presented being entirely different from this case. The imprisonment of petitioner is not illegal, therefore he cannot be discharged.

We will therefore remand him to the custody of the Sheriff to be produced before the Circuit Judge in order that such Judge may enter an appropriate order in accordance with this opinion permitting the defendant to be released from custody or further punishment under the sentence imposed upon him, upon compliance with the proviso to Section 7654 C. G. L., 5496 R. G. S., in such cases made and provided as here construed and in default thereof, to stand committed to State Prison to serve the sentence imposed upon him, unless sooner lawfully discharged therefrom.

Prisoner remanded with directions fixing future custody.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.