GUS MCGRIFF, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

ON PETITION FOR REHEARING.

Where a new county is formed wholly from a portion of a county in which the sale of liquors is forbidden by the local option law, the law continues in force to forbid the sale of liquors in the new county until a local election is held therein; and an affidavit of complaint charging an illegal sale in the new county, and stating that the parent county had "heretofore voted against the sale of said liquors," is not fatally defective because it does not allege that the prohibition law is in force in the new county where it appears from the statute forming the new county that the holding of an election therein under the local option law before the date of the alleged illegal sale, is a legal impossibility.

Rehearing denied.

*Dickinson & Dickinson,* for Petition.

PER CURIAM.—A petition for rehearing suggests that the court overlooked the contention made that the affidavit of complainant upon which the plaintiff in error was tried and convicted, does not allege that the local option provision of law was in force in Seminole county when the alleged offense was committed. The matter referred to was not overlooked.

The affidavit alleges that the place where the offense was committed was then "a part of Seminole County, the said county of Orange of which Seminole was formerly a part, having heretofore voted against the sale of liquors," and the court takes judicial notice of the Act of the Legislature forming Seminole county wholly from a part of Orange county.

The Act became effective upon its approval by the Governor, April 25, 1913, but the terms of Section 5 of the Act made it the duty of the Board of County Commissioners of Seminole County to hold their first meeting on the first Tuesday in August, 1913, thus making it a legal impossibility for an election to have been held in Seminole County prior to August 30, 1913, the date of the alleged offense. The affidavit does not wholly fail to allege an offense under the law so as to affect the jurisdiction of the court as in Ex Parte Bailey, 39 Fla. 734, 23 South. Rep. 552.

Rehearing denied.

All concur.