J. M. JACKSON, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed March 3, 1916.

Rehearing denied April 7, 1916.

1. The right to attack an information by the writ of Habeas Corpus is more limited than is permitted in motions to quash and in arrest, and may avail only when the offense charged does not constitute a crime under the laws of the State, by reason of the unconstitutionality of the statute invoked or when there -is a total failure to allege a crime under any statute; inartificiality in pleading will not avail.

2. Upon Habeas Corpus an information will be upheld as charging malpractice in office, when it alleges that a County Commissioner received a money consideration for purchasing certain property for the county, even though the information fails to state that it was corruptly done.

3. A County Commissioner is an officer of this State within the contemplation of Gen. Stats. Sec. 3481, penalizing malpractice in office.

Writ of Error to Circuit Court, Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*John P. Wall,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—This writ of error is directed to a judgment of the Circuit Court for Hillsborough County, discharging a writ of Habeas Corpus and remanding the petitioner.

The information under which the petitioner is held charges as follows:

"J. M. Jackson, whose christian name is to the Solicitor unknown, late of the County of Hillsborough aforesaid, in the State aforesaid, on the 4th day of September, in the year of our Lord one thousand nine hundred and thirteen, with force and arms at and in the County of Hillsborough aforesaid, was then and there a County Commissioner of Hillsborough County, Florida, and on the said 4th day of September, in the year of our Lord one thousand nine hundred and thirteen, the Board of County Commissioners of Hillsborough County, Florida, did then and there let a contract to one Willie Bryan for the purchase of and from the said Willie Bryan by the County of Hillsborough, of a certain lot or tract of land situated, lying and being in the County of Hillsborough, State of Florida, and more particularly described as follows: to-wit: Lot eight (8) of block two (2) of Irma Subdivision, according to a map or plat thereof, recorded in Plat Book 4 on page 98 in the office of the Clerk of the Circuit Court of Hillsborough County, Florida, for the sum of three hundred dollars ($300.00) in money, payable to the said Willie Bryan by the Coun-

ty of Hillsborough as follows, to-wit:    Fifty dollars ($50.00) in cash, and two hundred and fifty dollars ($250.00) on the 8th day of January, A. D. 1914, and he, the said J. M. Jackson, being then and there a County Commissioner of Hillsborough County, Florida, as aforesaid, was a party to the letting of said contract for the purchase by the County of Hillsborough of said lot of land from him, the said Willie Bryan, and he, the said J. M. Jackson, being then and there a County Commissioner of Hillsborough County, Florida, as aforesaid, was interested in the letting of the said contract for the purchase of the said land as aforesaid, in that it was agreed and understood by and between him, the said J. M. Jackson, and him, the said Willie Bryan, that he, the said J. M. Jackson, out of the purchase price derived from the sale of the said land as aforesaid, should be paid by him, the said Willie Bryan, the sum of twenty-five dollars, ($25.00), and upon the completion of the payment of the purchase price of said land to the said Willie Bryan by the said County of Hillsborough, he, the said Willie Bryan, did pay to him, the said J. M. Jackson, and he, the said J. M. Jackson, did accept and receive from him, the said Willie Bryan, the sum of ten dollars ($10.00) in money current in the United States of America, of the value of ten dollars, as compensation for the letting of said contract by the County of Hillsborough to the said Willie Bryan for the purchase of the said land as aforesaid, against the forms of the statute in such cases made and provided and to the evil example of all others in like case offending, and against the peace and dignity of the State of Florida."

The right to attack an information by this procedure is more limited than is permitted in motions to quash or motions in arrest, and may avail only when the of-

fense charged does not constitute a crime under the laws of the State either because the statute invoked is unconstitutional or when there is a total failure to allege a crime under any statute, inartificiality in pleading being brushed aside.    Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436.

The gist of the offense charged is that J. M. Jackson, while a County Commissioner of Hillsborough County, took part as such Commissioner in purchasing property from one Willie Bryan, for which transaction Jackson was to and did receive a money consideration; this is a charge that Jackson permitted himself to be bribed in the performance of his official action, clearly an act of malpractice, and we do not see what additional force could be given by characterizing the conduct as corrupt; if the laws of good pleading require the use of that word, it is matter of form rather than substance and therefore not available upon this quasi indirect attack.

Having reached the conclusion that malpractice is charged, the case falls within the condemnation of Section 3481 of the General Statutes against "any officer of this State" who is guilty of any malpractice in office not otherwise expressly provided for.

We do not give to that section the narrow construction sought to be placed upon it by the plaintiff in error. A county commissioner is an officer of the State, though not perhaps a State officer, in the sense of one paid by the State and having jurisdiction co-extensive with the State.    The county is a mere political subdivision of the State government, and the county commissioners are creatures of that government deriving their powers only from the State.    The section is directed more particularly against extortionate fees, and it is well known that when the section became a law, State officers in the strict

sense were paid fixed salaries almost exclusively, while county officers depended almost wholly upon fees.

Without therefore determining whether the charge may be covered by special acts of malpractice in office particularly denounced by legislation, we think if it escapes all of them, it would yet be made a crime by this general provision.

The other objections to the information do not properly come within the scope of this proceeding.

The judgment is affirmed.

TAYLOR, C. J., and SHACKLEFORD and ELLIS, JJ., concur.

WHITFIELD, J., absent on account of illness.