JAMES W. MOONEYHAM, *Plaintiff in Error*, v. H. A. BOWLES, SHERIFF, *Defendant in Error*.

Opinion Filed Nov. 3, 1916.

1.  An affidavit charging the commission of a statutory offense substantially in the words of the statute is not amenable to the criticism that it wholly fails to charge the criminal offense denounced by the statute.

2.  Section 3403 General Statutes of 1906, Florida Compiled Laws of 1914, provides for the punishment of one who wilfully enters upon the inclosed land or premises of another while occupied by the owner or his employees, after having been forbidden to enter; or not having been previously forbidden to enter, refused to depart after being warned to do so. Upon a collateral attack an affidavit charging one with an entry upon the enclosed premises of another while occupied by the owner after having been warned not to enter, will be held to sufficiently charge that the entry was willfully made.

3.  The writ of habeas corpus cannot be used as a substitute for a demurrer, a motion to quash, a writ of error or certiorari.

Writ of Error to Circuit Court, Jackson County; C. L. Wilson, Judge.

Judgment affirmed.

*James H. Finch,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—James W. Mooneyham was convicted in the County Judge's Court for Jackson County for the violation of Section 3403 of the General Statutes of Florida providing for the punishment of persons who wilfully enter the enclosed premises of another occupied by the owner or his employees and being forbidden so to enter.

The prosecution was begun by an affidavit made by J. Y. Young before J. H. Tidwell, Justice of the Peace for the 10th District of that county. The cause was transferred by the Justice of the Peace to the County Judge's Court where the trial took place, resulting in defendant's conviction. The court imposed a fine of seventy-five dollars upon the defendant and sentenced him to six months service at hard labor in the county jail in default of the payment of the fine. The sheriff took the defendant into custody under a mittimus issued upon the judgment. Thereupon the defendant applied for a discharge from the custody of the sheriff and confinement in the county jail upon a writ of *habeas corpus.*

Upon a hearing on the defendant's demurrer to the sheriff's return to the writ the demurrer was overruled and the defendant remanded. To the judgment of the Circuit Court in the *habeas corpus* proceedings the defendant was granted and took a writ of error.

It is contended by the plaintiff in error that the affidavit wholly fails to charge him with any criminal offense under the laws of Florida, and that being true he is enti-

tled to his discharge. Ex Parte Bailey, 39 Fla. 734, 23 South. Rep. 552; Ex Parte Hays, 25 Fla. 279, 6 South. Rep. 64; Ex Parte Knight, 52 Fla. 144, 41 South. Rep. 786; Porter v. State, 62 Fla. 79, 56 South. Rep. 406.

The statute against trespass after warning is as follows:

"Whoever wilfully enters into the enclosed land and premises of another, which is occupied by the owner or his employees, being forbidden so to enter, or not being previously forbidden, is warned to depart therefrom and refuses to do so, or," etc. Section 3403 Gen. Stats. of 1906, Florida Compiled Laws of 1914.

The affidavit on which the prosecution was based is as follows, omitting the formal parts: "Personally came J. Y. Young, who being duly sworn, says that on the 22d day of October, 1915, in the county aforesaid, one Jim Mooneyham did trespass on his enclosed premises after being warned not to do so, said lands being known as the ·owner's place, and which were the premises of deponent and were then and there occupied by deponent," etc.

The omission of the word "wilfully" from the affi-·davit in connection with the language charging the entry ·or trespass upon the enclosed premises of deponent rendered the affidavit subject to the criticism that it was in-accurately drawn. The defect may have rendered the affidavit subject to demurrer; but it is doubtful if it can be said that the offense charged was not substantially in the language of the statute. The word "wilfully" is defined to mean "in a wilful manner; obstinately; stubbornly; by design; with set purpose; intending the result which actually comes to pass; designed; intentional; malicious; willingly; purposely," etc. 8 Words and Phrases, 7468.

The gravamen of the offense denounced by Section

3403 is the entry by one upon the enclosed land or premises of another occupied by the owner or his employees after having been forbidden to enter, or not having been previously forbidden refusing to depart therefrom after being warned to do so. It is difficult to perceive how an entry by one upon the enclosed premises of another, after having been forbidden so to enter, could be otherwise than wilful, unless the accused was mentally irresponsible, in which case his mental condition would be held to exonerate him from the charge of criminality.

This court in the case of Long v. State, 42 Fla. 509, 28 South. Rep. 775, having under consideration an information based upon Section 2516 of the Revised Statutes of Florida, Section 3409 of the General Statutes of 1906, said, defining the word "wilfully:" "The meaning of the word as used in the statute and the information excludes the idea that the owner of the land consented to the trespass." That section of the statute does not contain any other words making a warning or interdiction against entry a condition or criminality under the statute. If the word has the same meaning in Section 3403 of the General Statutes, it is plain that its use in an information or affidavit charging a violation of that statute is not essential. The affidavit in this case charges the offense substantially in the words of the statute. Section 3961 Gen. Stats. of 1906, Compiled Laws of 1914; Schley v. State, 48 Fla. 53, 37 South. Rep. 518; Dickens v. State, 50 Fla. 17, 38 South. Rep. 909; Stutts v. State, 52 Fla. 110, 42 South. Rep. 51; 12 R. C. L. p. —.

The writ of *habeas corpus* cannot be used as a substitute for a demurrer, a motion to quash, a writ of error or an appeal or certiorari. Ex Parte Prince, 27 Fla. 196, 9 South. Rep. 659; Ex Parte Bowen, 25 Fla. 214, 6 South. Rep. 65; Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436.

The judgment of the Circuit Court remanding the plaintiff in error to his former imprisonment under the indictment is affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.