ALBERT CROOKE, *Plaintiff in Error, v.* JAMES C. VAN PELT. SHERIFF OF ESCAMBIA COUNTY, FLORIDA, *Defendant in Error.*

## Opinion filed June 17, 1918.

1   Where *habeas corpus* is invoked to obtain the discharge of a person held in custody to answer a charge of crime, it must be shown that the Statute under which the charge is made is invalid or that the charge as made is not merely defective in its allegations, but that it wholly fails to state an offence under the law.

2.  The writ of *habeas corpus* can not be used as a substitute for a motion to quash or a writ of error or an appeal.

3.  A criminal charge is not fatally defective because it does not allege defensive matter not a part of the definition of the offence charged.

Writ of Error to Court of Record for Escambia County, C. M. Jones, Judge.

Judgment affirmed.

*R. P. Reese,* for Plaintiff in Error;
*John P. Stokes,* for Defendant in Error.

WEST, J.—The Plaintiff in Error entered a plea of guilty, and was duly sentenced by the Trial Court upon a count in an information duly filed against him which is in the following words:

"And your informant aforesaid, prosecuting as aforesaid, upon his oath aforesaid, further information makes that Albert Crooke, at and in the County of Escambia, State of Florida, aforesaid, on the twenty-eighth day of October, A. D. 1917, did then and there kill a certain steer without inspection by a regularly appointed inspector."

Thereafter he executed and delivered to the Sheriff of the County a bond to pay the fine and cost imposed by the Court upon him, but having failed to do so the Sheriff took him into custody for the purpose of requiring him to serve the alternative sentence of imprisonment imposed b ythe Court.

Thereupon upon petition therefor a writ of *habeas corpus* was taken, but upon a hearing on such writ and return thereto, in whic hthe foregoing facts were set up, a motion to quash the return was overruled and the Plaintiff in Error was by the judgment of the Court remanded to the custody of the Sheriff.

To review this judgment writ of error was allowed and taken from this Court.

The order of the Court remanding the petitioner is assigned as error, and it is urged here that the information charges no offense against the laws of the State.

The prosecution is based upon Section one (1) of Chapter 5665, Acts of 1907, which provides: "That from and after the passage of this Act it shall be unlawful for any person or persons, firm or corporation to kill for any purposes any bull, steer, cow, heifer, yearling or calf in the State of Florida without inspection by a regu-

larly appointed inspector except as is provided in Section 2 of this Act."

By the exception referred to in Section Two (2) of the Statute the owner of such an animal may by himself or his agent butcher it "in the presence of one or more disinterested reputable persons" without being held to have violated the provisions of the Statute.

In the case of In Re Robinson, 73 Fla. 1068, 75 South. Rep. 604, this Court held that "Where *habeas corpus* is invoked to obtain the discharge of a person held in custody to answer a charge of crime, it must be shown that the Statute under which the charge is made is invalid or that the charge as made is not merely defective in its allegations, but wholly fails to state any offense under the laws of the State. The writ of *habeas corpus* cannot be used as a substitute for a motion to quash or a writ of error or an appeal." See also to the same effect Mooneyham v. Bowles, 72 Fla. 259, 72 South. Rep. 931; Butler v. Perry, 67 Fla. 405, 66 South. Rep. 150; McGriff v. State, 66 Fla. 335, 63 South. Rep. 725.

It is also well established in this jurisdiction that a charge in a criminal prosecution is not fatally defective because it does not allege defensive matter not a part of the definition of the offense charged. Butler v. Perry, *supra;* Ferrell v. State, 45 Fla. 26, 34 South. Rep. 220; Beaumel v. State, 26 Fla. 71, 7 South. Rep. 371.

The special Statute for the County of Escambia relative to this matter having been held inoperative by the judgment of the County Court of Record and that judgment upheld here (State *ex rel.* Morgan v. Barrineau, 71 Fla. 701, 72 South. Rep. 1029) the general law is applicable.

The offense denounced is fully defined by the quoted section of this Statute and tested by the foregoing rules

the information in this case based upon this Statute does not wholly fail to state an offense under the law and there was therefore no error in the judgment of the Court below remanding the Plaintiff in Error to the custody of the Sheriff.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR WHITFIELD AND ELLIS, J. J., concur.