W. H. FOXWORTH, I. M. HOLMES AND J. C. McCUME, *Plaintiffs in Error,* v. W. E. LAW, AS SHERIFF, *Defendant in Error.*

Opinion filed May 8, 1919.

1. Where a warrant under which a petitioner is held in custody does not allege an offense, under a statute, a discharge from custody may be ordered in habeas corpus proceedings without considering the constitutionality of the statute.

2. A charge that the defendant "did unlawfully transport over a public highway in" a dry county, intoxicating liquors in violation of a statute, does not allege an offense under the statute which makes it "unlawful for any common or other carrier to transport any intoxicating liquors over * * * * highways * * * of this State into any county" &c. *Non constat* the defendant was transporting the liquors *through* and not *into* the dry county. It was not alleged that the defend-

ant was transporting the liquor as a common carrier or other carrier.

A Writ of Error to the Circuit Court for Hernando County; W. S. Bullock, Judge.

Judgment reversed.

*George C. Martin,* for Plaintiffs in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for Defendant in Error.

WHITFIELD, J.—The plaitniffs in error having been taken into custody by the sheriff upon warrants charging that they "did unlawfully transport over a public highway in Hernando county, a dry county, intoxicating liquors, wines or beer in quantities greater than one quart," contrary to the provisions of Chapter 7733, Acts of 1918, Special Session, a writ of *habeas corpus* was issued by a Justice of this court returnable before the Circuit Court, to determine the legality of the detention under warrant. Upon being remanded the petitioners were allowed and took writ of error.

Chapter 7733 as amended by Chapter 7734 is as follows:

"AN ACT Regulating the Transportation of Intoxicating Liquors into Counties or Precincts of this State Where the Sale of Intoxicating Liquors are Prohibited and Providing Rules of Evidence and a Penalty for Violations of the Act.

"Whereas, By Section 5 of Chapter 162, Acts of Congress approved March 3, 1917, it is provided that 'Who-

ever shall order, purchase or cause intoxicating liquors to be transported in interstate commerce, except for scientific, sacramental, medicinal and mechanical purposes, into any State or Territory the laws of which State or Territory prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes shall be punished,' etc.; and Whereas, The Constitution and Statutes of this State prohibit the sale and manufacture of intoxicating liquors, wines or beer in all the counties of this State except Hillsborough, Monroe, Pinellas and Escambia; and, therefore,

"*Be It Enacted by the Legislature of the State of Florida:*

"Section 1. That from and after the passage and approval of this Act it shall be unlawful for any person, persons, firm or corporation to order, purchase or cause any intoxicating liquors to be transported in interstate commerce, except for scientific, sacramental, medicinal and mechanical purposes, into any county or precinct of this State where the sale of intoxicating liquors are prohibited under the Constitution and Statutes of this State.

"Sec. 2. That it shall be unlawful for any person, persons, firm or corporation to order, purchase or cause intoxicating liquors, wines or beer for bevereage purposes to be transported from any point in the State by any common or other carrier into any county or precinct of this State wherein the sale of intoxicating liquors are prohibited by the Constitution and Statutes of this State, except as provided in this Act.

"Sec. 3. That it shall be unlawful for any common or other carrier to transport any intoxicating liquors over Railways, Highways or Waters of this State into any

county or precinct in this State where the sale of intoxicating liquors, wine or beer are prohibited for any purpose except as provided for by this Act.

"Sec. 4. That nothing in this Act shall make it unlawful for any person to order, purchase, transport or cause intoxicating liquors for personal use as a beverage not exceeding one quart during any period of thirty consecutive days to be ordered, purchased or transported in interstate commerce or intrastate commerce or otherwise by any common or other carriers from any point without or within the State to any point within the State.

"Sec. 5. Upon the trial of any person under this Act it shall be prima facie evidence that intoxicating liquors were ordered, procured, transported or received in violation of this Act if any waybills or records of shipments, or amount found in the possession of any person, shows that he received or transported by and through the means stated in this Act any amount over and above one quart of intoxicating liquors for beverage purposes within any thirty consecutive days; and the Sheriffs, Deputies and Constables shall have authority to arrest without warrant and seize all liquors found in this State where found in violation of this Act and the same shall be disposed of as provided by the laws of this State.

"Sec. 6. That any person, association of persons, or corporation, or any officer, agent or employe thereof, violating any of the provisions of Sections One or Two or Three of this Act, shall on conviction be deemed guilty of a misdemeanor and be punished as is provided by general law.

"Sec. 7. That if any Section or part of Section of this Act shall be held to be unconstitutional or invalid that fact shall not invalidate any other Section or portion of

Section of this Act, but the valid portions shall be enforced without reference to the part so held invalid.

"Sec. 8. That this Act shall become effective Five days after its passage and approval by the Governor.

"Approved December 4, 1918."

In the order remanding the petitioners the Circuit Judge states that "for a return the sheriff attaches the original warrant and the affidavit upon which the same was made, copies of which are attached to the petition as presented to the Supreme Court as his only authority for the detention of the said defendants. The defendants waiving the point that the said affidavit does not allege that Hernando county is a county where the sale of intoxicating liquors is prohibited by law, but expressly consent that the expression and statement in the said affidavit and warrants of 'a dry county' is the same and equivalent to the allegation that it was a county where the sale of intoxicating liquors was prohibited, but insists on a discharge of the defendants on the sole ground that the act of the legislature of Florida is in violation of the Constitution of the State of Florida."

In the brief for plaintiffs in error it is said: "The only question presented by the record in this case is the constitutionality of the legislative act mentioned."

Notwithstanding the statements above quoted, if the affidavits and warrants under which the parties are held do not allege a crime under the statute, a discharge from custody should be ordered without considering the constitutionality of the statute. See Ex Parte Bailey, 39 Fla. 734, 23 South. Rep. 552; Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436. See, also, Broward v. Sledge, 58 Fla.

414, 50 South. Rep. 831; Wade v. Atlantic Lumber Co., 51 Fla. 638, 41 South. Rep. 72.

The title of the Act under which the warrants were issued restricts the act to regulations of "the *transportation* of intoxicating *liquors into*" dry counties and "precincts" of the State. And the provisions of the statute applicable to the transportation of intoxicating liquors by "any common or other carrier" are limited to transportation for others *into* a dry county or precinct. This statute does not forbid "any common or other carrier" to transport any quantity of intoxicating liquors *through* a dry county or precinct when such transportation is not a part of an unlawful transportation *into* dry territory or an unlawful use of such liquors in dry territory; and it does not forbid any one to *transport* for himself intoxicating liquors. See Moragne v. State, —Ala. —, 78 So. 450; U. S. v. Gudger, Sup. Ct. U. S., April 14, 1919; State v. Frogie, —W. Va. —, 97 S. E. 604.

As the affidavits and warrants merely charge that the accused "did unlawfully trasnport over a public highway in Hernando county, a dry county, intoxicating liquors, in quantities greater than one quart," no crime is alleged, since even though it is conceded by the accused that the charge sufficiently alleges that the sale of intoxicating liquors are prohibited in Hernando county, it does not appear from the allegations that the liquors were being transported *into* Hernando county or that the accused were carriers for others and not for themselves. To transport intoxicating liquors over the highways of a dry county is not made a crime by the statute. The transportation must be *into* the dry county or precinct *by "any common or other carrier"* to make the mere transportation a crime under this statute. The charge here is not

merely a defectively alleged crime as in *In re* Robinson, 73 Fla. 1068, 75 South. Rep. 604; Ex-Parte Prince, 27 Fla. 196, 9 South. Rep. 659; Butler v. Perry, 67 Fla. 405, 66 South. Rep. 150; Mooneyham v. Bowles, 72 Fla. 259, 72 South. Rep. 931; McGriff v. State, 66 Fla. 335, 63 South. Rep. 725; Jackson v. State, 71 Fla. 342, 71 South. Rep. 332. The charge wholly fails to allege an offense under the laws of the State. Ex Parte Bailey, *supra;* Ex Parte Hays, 25 Fla. 279, 6 South. Rep. 64; Lewis v. Nelson, *supra.*

As the affidavits and warrants do not charge an offense under the statute, the constitutional validity of the statute is not considered.

The judgment remanding the petitioners is reversed and they will be discharged from custody under the warrants referred to.

Judgment reversed.

BROWNE, C.J., AND TAYLOR, ELLIS AND WEST, JJ., concur.