JOHN REFFKIN, *Plaintiff in Error*, vs. E. E. BOYCE, as Sheriff of St. Johns County, Florida, *Defendant in Error*.

139 So. 578.

Division B.

Opinion filed February 11, 1932.

Petition for rehearing denied May 3, 1932.

222

J. V. *Walton* and H. A. *Henderson*, for Plaintiff in Error; Cary D. *Landis*, Att'y Gen. and Roy *Campbell*, Assistant, for Defendant in Error.

WHITFIELD, P. J.—John Reffkin, alias J. W. Chase, was indicted under Chapter 8466, Acts of 1921, Sections 7308 to 7310, and being held in custody sought a discharge on habeas corpus upon the ground that the statute is invalid and that the indictment does not charge a criminal offense under the laws of the State. The petitioner was remanded and obtained a writ of error. Sections 1 and 2 of the act provide:

"It shall be unlawful for any person or persons to defraud or attempt to defraud any individual or individuals out of any thing of value, by assuming to have or be able to obtain any secret, advance or inside information regarding, any person, transaction, act or thing, whether such person, transaction, act or thing exists or not." Section 7308, C. G. L., 1927.

"Any person or persons guilty of violating the provisions of section 7308 shall be deemed guilty of a felony

and, upon conviction thereof, shall be fined not more than ten thousand dollars and ten years in the State penitentiary." Section 7309, C. G. L., 1927.

The indictment charges:

"That G. L. Robinson, J. W. Chase and Fred Havner late of the County of St. Johns aforesaid, in the Circuit and State aforesaid, laborer, on the 13th day of February, in the year of our Lord One thousand nine hundred and twenty-nine, with force of arms and in the County of St. Johns aforesaid, did unlawfully and feloniously defraud one J. D. Sinclair out of something of value, to-wit, forty Thousand ($40,000.00) dollars, lawful money, the currency of the United States of America, of the property goods and chattels of the said J. D. Sinclair, a better description of said money being to the Grand Jurors unknown, by assuming to have and to be able to obtain inside information regarding a certain horse race; and that J. W. Chase and Fred Havner of the County of St. Johns and State of Florida were then and there at the commission of the said felony, feloniously present, aiding, inciting, and abetting the said G. L. Robinson, the said felony in manner and form aforesaid to do and commit."

Even if Section 2 of the act was so indefinite as to be inoperative there may be a conviction under Section 1 without reference to the penalty stated in Section 2. But the second section is intended to prescribe and does sufficiently prescribe as a penalty for violating Section 1 of the act, a fine of not more than ten thousand dollars and imprisonment for not more than ten years in the State penitentiary. The act is not inoperative for uncertainty or indefiniteness. The indictment does not wholly fail to charge an offense under the law and habeas corpus is not available. Johnson v. State, 81 Fla. 783, 89 So. 114; In re Robinson, 73 Fla. 1068, 75 So. 604; Spooner v. Curtis, 85 Fla. 408, 96 So. 836; Griswold v. State, 77 Fla. 505, 82 So. 44; Exparte Prince, 27 Fla. 196, 9 So. 659.

Affirmed.

Terrell and Davis, J.J., concur.

Buford, C.J., and Ellis and Brown, J.J., concur in the opinion and judgment.

---

## On Petition for Rehearing.

Per Curiam.—The petitioner has not been convicted and sentenced, but is merely held under an indictment that is sufficient on habeas corpus; and even if the words "and ten years in the State penitentiary," contained in Section 2 of the statute are inoperative as a penalty, such words may be disregarded, and the remainder of the act enforced.

Rehearing denied.

Buford, C.J., and Whitfield, Ellis, Terrell, Brown and Davis, J.J., concur.

Ellis, J. (Concurring specially).—By decision of this court filed February 12, 1932, the judgment in the above case was affirmed. Reffkin, alias Chase, was indicted for an alleged violation of Chapter 8466, Acts 1921, Section 7308 C. G. L. 1927, by defrauding J. D. Sinclair "out of something of value, to-wit: forty thousand dollars" by assuming to have and to be able to obtain inside information regarding a certain horse race. The offense was alleged to have been committed in St. Johns County.

Reffkin, after his arrest and imprisonment, sought to be discharged on a writ of habeas corpus. He contended that the act denouncing the alleged offense upon which he was indicted was invalid. The sheriff made return that he held Reffkin, indicted under the name of Chase, by virtue of a capias issued out of the Circuit Court for St. Johns County. The capias was attached to the return and made a part of it. The judge of the Circuit Court remanded the petitioner to the custody of the sheriff to which order Reffkin obtained leave to take a writ of error from this Court.

The order was affirmed by this court as stated above. A petition has been filed for a rehearing. I think a rehearing should be denied for the reason that Section 7308 C. G. L.

1927 defines a criminal offense and Section 7309 C. G. L. 1927 prescribes a penalty at least in so far as the imposition of a fine is concerned. I do not agree that the phrase ''shall be fined not more than ten thousand dollars and ten years in the State penitentiary'' should be interpreted as prescribing an impossible penalty in as much as there can be no ''fine'' of ten years in the State penitentiary. I think that so much of the phrase may be eliminated leaving the punishment for the commission of the offense to be a fine, if indeed not also an imprisonment. I therefore think that the language of the original opinion should be modified to conform to the above expressed views.