STEPHEN ELMORE ROBERTS v. DOYLE SCHUMACHER, as Sheriff of Highlands County.

173 So. 827.

Opinion Filed March 16, 1937.
Rehearing Denied May 5, 1937.

*Treadwell & Treadwell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General and Roy Campbell, Assistant, for Defendant in Error.

BROWN, J.—Plaintiff in error was indicted for an alleged violation of Section 7263 C. G. L. Instead of moving to quash the indictment, plaintiff in error attacked the sufficiency or legality of the indictment by suing out writ of habeas corpus in the Circuit Court, and upon hearing of

the writ the Circuit Judge remanded the petitioner to the custody of the sheriff. There is no question raised here as to the jurisdiction of the court over the person or the subject matter.

Whether the indictment could have been successfully attacked by motion to quash or demurrer is a question not before us on this writ of error and upon which we make no intimation one way or the other. Habeas corpus is not a remedy for relief against indictments charging criminal offenses defectively or inartificially. But in order to have justified his release by the court below on habeas corpus, it was incumbent upon petitioner to show, either that the statute under which he was indicted was invalid, or that the indictment found against him wholly failed to charge any offense against the laws of this State. This the petitioner failed to do, and the order of the Circuit Judge was free from error. See *Ex Parte* Prince, 27 Fla. 196, 9 So. 659; *Ex parte* Bowan, 25 Fla. 214, 6 So. 65; Kinkaid v. Jackson, 66 Fla. 378, 63 So. 706; Hardee v. Brown, 56 Fla. 377, 47 So. 835; Butler v. Perry, 67 Fla. 405, 66 So. 150; Mooneyham v. Bowles, 72 Fla. 259, 72 So. 931; *In re* Robinson, 73 Fla. 1068, 75 So. 604; Groswold v. State, 77 Fla. 505, 82 So. 44; Spooner v. Curtis, 85 Fla. 408, 96 So. 836; *Ex parte* Coy, 127 U. S. 731, 32 L. Ed. 274; *In re* Lewis, 114 F. 963; Bass v. Doolittle, 93 Fla. 993, 112 So. 892; Reffkin v. Boyce, 104 Fla. 221, 139 So. 578; Hepburn v. Chapman, 109 Fla. 133, 149 So. 196; State v. Drumright, 116 Fla. 496, 156 So. 571, 97 A. L. R. 154.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

Davis, J., dissents.

Davis, J. (dissenting).—Upon writ of error to a judgment in habeas corpus remanding the plaintiff in error to custody to answer to an indictment for felony purportedly founded on Section 7263 C. G. L., 5160 R. G. S., it is contended that the indictment relied upon as the cause of petitioner's detention is so utterly devoid of substantially charging a criminal offense that it can be successfully challenged on habeas corpus within the rule of *In re*: Robinson, 73 Fla. 1068, 75 Sou. Rep. 604; L. R. A. 1918 B 1148; Jackson v. State, 71 Fla. 342, 71 Sou. Rep. 332; Crooke v. Van Pelt, 76 Fla. 20, 79 Sou. Rep. 166, as well as attacked by writ of error after conviction.

Section 7263 C. G. L., *supra,* is as follows:

"Any person who shall make or cause to be made any false statement, in writing, relating to his financial condition, assets or liabilities, or relating to the financial condition, assets or liabilities of any firm or corporation in which such person has a financial interest, or for whom he is acting, with a fraudulent intent of obtaining credit, goods, money or other property, and shall by such false statement obtain credit, goods, money or other property, shall, upon conviction, be punished by imprisonment in the State penitentiary not exceeding one year, or by a fine not exceeding one thousand dollars, or by both such fine and imprisonment, at the discretion of the Court."

The indictment relied upon to charge a criminal offense within the foregoing statute is as follows:

"State of Florida

"V

"Stephen Elmore Roberts, *alias* S. E. Robert.,

"INDICTMENT FOR OBTAINING MONEY UNDER FALSE PRETENSE

"In the Name and by the Authority of the State of Florida:

464

, "The Grand Jurors of the State of Florida, empaneled and sworn to inquire and true presentment make in and for the County of Highlands upon their oath do present that Stephen Elmore Roberts, alias S. E. Roberts, of the County of Highlands and State of Florida on the 15th day of November in the year of our Lord one thousand nine hundred and thirty-three in the County and State aforesaid, then and there acting for himself and acting for Roberts · Co-operating Company, Inc., a corporation, did designedly, willfully and unlawfully make and cause to be made a false statement in writing relating to the financial condition, assets and liabilities of himself and of the said Roberts Co-operating Company, Inc., a corporation, with fraudulent intent in him, the said Stephen Elmore Roberts, alias S. E. Roberts, then and there to obtain from M. Russell Warne trading and doing business under the trade name of Hezekiah Warne and Sons, the sum of $3,000.00 of the value $3,000.00, lawful money of the United States of America, a more particular description of which is to the Grand Jurors unknown, of the credit, goods, money and property of the said M. Russell Warne trading and doing business under the trade name of Hezekiah Warne and Sons, which said false statement in writing was in words and figures substantially following, to-wit:

"AGREEMENT Made this 15th day of November, 1933, by and between Roberts Co-operating Company, Inc., a corporation organized under the laws of the State of Florida, of Avon Park, Highland County, Florida, and Stephen Elmore Roberts of the same place, both of whom hereafter, severally and collectively, are to be known as parties of the first part.

"AND, HEZEKIAH WARNE and Sons of the Borough of

Manhattan City, County and State of New York, hereinafter known as the parties of the second part.

"Now This Indenture Witnesseth, that whereas the parties of the first part are the owners of a citrus fruit packing house in the Town of Avon Park, Highland County, State of Florida, in fee simple free from any liens or mortgage indebtedness and more particularly described in mortgage indenture to be made part of this contract and

"*Whereas,* the parties of the first part are the owners of and control fifteen thousand boxes of fruit also free from any lien, either Government, State, Land Bank, or any other loan agency, which might constitute a prior lien to a loan hereinafter to be described and

"*Whereas,* these representations are made jointly and severally in order to induce the parties of the second part to grant such loan under terms and conditions hereinafter described and

"*Whereas,* the parties of the first part have requested the parties of the second part to loan to the parties of the first part, the sum of Three Thousand ($3000.00) Dollars, secured by first mortgage on citrus packing house together with mortgage note executed and endorsed by both of the parties of the first part and

"*Whereas,* the parties of the first part also pledge the shipment of their fruit as described as well as any other fruit they may control and pack through said packing house under terms and conditions hereinafter described and

"*Whereas,* the parties of the first part further agree that the loan of Three Thousand ($3000.00) Dollars is to be used only for the improvement and operation of said packing house heretofore referred to and

"*Whereas,* the parties of the second part agree to advance the sum of Three Thousand ($3000.00) Dollars with the

understanding that said loan is to be repaid by a deduction of Twenty (.20) Cents per box from the next proceeds of each car of citrus fruit, shipped by the parties of the first part to the parties of the second part, with the understanding that said loan is to be repaid by a deduction of Twenty (.20) Cents per box from the next proceeds of each car of citrus fruit, shipped by the parties of the first part to the parties of the second part, with the understanding that any deficit caused by such deduction, together with other deductions hereinafter referred to, may be deducted from each succeeding car until fully repaid and in the event of any balance remaining unpaid at the close of the Florida citrus shipping season, same is to be well and truly paid on the demand of the parties of the second part, together with any costs of collection that the parties of the second part may be put to and

"IN CONSIDERATION of the aforesaid, the parties of the first part shall advance packing charges, not to exceed Fifty-five (.55) Cents per box against documents on each car shipped, with the understanding that no number three fruit is to be shipped without the consent of the parties of the second part and if sold at the packing house with their consent, Twenty (.20) cents per box of the amount of such sale is to be paid to the parties of the second part, together with a brokerage of Seven and one-half (.07½) cents per box and the parties of the second part reserve the right to order a discontinuance of shipment whenever the parties of the second part deem it advisable due to unfavorable market condition and the parties of the second part agree to use their very best endeavors in marketing the shipments of the parties of the first part, either at auction or private sale as they may deem best in the interests of the parties of the first part, of which they are to be the judge and to

charge a commission of Ten (.10%) per cent of the gross selling price on the first fifteen thousand boxes of fruit shipped, absorbing the auction charge and seven (7%) per cent of the gross selling price on all shipments thereafter.

"It is further understood and agreed by and between the parties hereto that any variation of this contract, authorized by the parties of the second part, shall in no wise alter the force and effect of this contract.

"In witness whereof the parties to these presents have hereunto set their hands and seals this day and year first above written.

"Roberts Co-operating Co., Inc.

"Witness           "S. W. Roberts, *Pres.*

"J. B. Guthrie      "Stephen Elmore Roberts.

"B. H. Lowndes     "Hezekiah Warne & Sons,

                       "By M. Russell Warne."

"Town of Avon Park,
"County of Highlands,
"State of Florida.

"S. W. Roberts being duly sworn, deposes and says that he is the president of the Roberts Co-operating Co., Inc., and that at a special meeting of said Company held at their office, the Town of Avon Park, the 15th day of November, 1933, at which not less than seventy per cent. of the stockholders of the Company were present, either in person or by proxy, representing at least seventy per cent. of the stock of said Company, issued and outstanding on the books of the company, and at which meeting he was duly authorized to execute the above contract, as well as the mortgage note and deed and that said authorization was ordered spread on the minute book of the said company and a duly attested copy signed by the Secretary and the President be made a part of this contract, and that all of the statements contained

in said contract, made by the parties of the first part, are warranted true and made to induce the parties of the second part to enter into this contract and make this loan of three thousand ($3000.00) Dollars to the parties of the first part.

"SEAL                                    "S. W. ROBERTS."
"Bertha H. Lowndes
"Notary Public, My Commission expires October 14, 1937"

"Town of Avon Park,
"County of Highlands,
"State of Florida.

"Stephen Elmore Roberts, being duly sworn, deposes and says that he has read the foregoing contract and is familiar with the statements contained in same as made by both of the parties of the first part and that the statements are warranted to be true and are made to induce the parties of the second part to make this loan of Three Thousand ($3,000.00) Dollars and he assumes full responsibility for its repayment and the faithful performance of the contract.

"SEAL                       "STEPHEN ELMORE ROBERTS"
"Bertha H. Lowndes
"Notary Public, My Commission expires October 14, 1937."

"And the said Stephen Elmore Roberts, alias S. E. Roberts, then and there proffered to give the said M. Russel Warne trading and doing business under the trade name of Hezekiah Warne and Sons, the mortgage referred to in the said false statement in writing, said mortgage being on the South 75 feet of Lots 17 and 18 of Block 71 of the Town of Avon Park, Highlands County, to secure the payment of the said $3,000.00 and the interest thereon on June 15th, 1934; that the said M. Russell Warne trading and

doing business under the trade name of Hezekiah Warne and Sons then and there believed the said false statement in writing to be true and relied upon the same and by reason of said false statement in writing and the said M. Russel Warne trading and doing business under the trade name of Hezekiah Warne and Sons being then and there deceived thereby did then. and there loan to the said Roberts Co-operating Company, Inc., a corporation, the said sum of $3,000.00 aforesaid until the 15th day of June, 1934; and in order to secure the payment of the said sum of said date together with the interest thereon, the said M. Russel Warne, trading and doing business under· the trade name of Hezekiah Warne and Sons, then and there received and accepted from the said Roberts Co-operating Company, Inc., a corporation, the mortgage aforesaid upon the aforesaid property which he, the said Stephen Elmore Roberts, alias S. E. Roberts, then and there by his aforesaid false statement in writing represented and pretended was owned by himself and the said Roberts Co-operating Company, Inc., a corporation, which said mortgage the said Roberts Co-operating Company, Inc., a corporation, did then and there at the instance and procurement of the said Stephen Elmore Roberts, alias S. E. Roberts, execute and deliver to the said M. Russel Warne trading and doing business under the trade name of Hezekiah Warne and Sons; that thereupon the said M. Russel Warne trading and doing business under the trade name of Hezekiah Warne and Sons, paid over and delivered to the said Roberts Co-operating Company, Inc., a corporation, the said sum of $3,000.00 of the value of $3,000.00, lawful money of the United States of America, of the credit, money, goods and property of M. Russel Warne trading and doing business under the trade name of Hezekiah Warne and Sons; and the said M. Russell Warne, trading and doing

business under the trade name of Hezekiah Warne and Sons, then and there took and received the said mortgage to secure the payment of the said $3000.00 together with interest thereon on June 15th, 1934, the said M. Russell Warne trading and doing business under the trade name of Hezekiah Warne and Sons then and there believing and relying upon the representations of the false statement in writing that the said Stephen Elmore Roberts alias S. E. Roberts and Roberts Co-operating Company, Inc., a corporation, were the owners of and had control of fifteen thousand boxes of fruit free from any lien as represented and pretended in and by said false statement in writing and likewise the said M. Russel Warne trading and doing business under trade name of Hezekiah Warne and Sons, then and there believed the property embraced in and covered by said mortgage as security for the said loan was the *bona fide property* of the said Stephen Elmore Roberts, alias S. E. Roberts, and Roberts Co-operating Company, Inc., a corporation, free from any lien or mortgage indebtedness as represented and pretended in and by said false statement in writing; that in truth and in fact neither the said Stephen Elmore Roberts, alias S. E. Roberts, nor Roberts Co-operating Company, Inc., a corporation, jointly or severally then and there owned the aforesaid citrus fruit packing house in fee simple free from any lien or mortgage indebtedness as represented in and by said false statement in writing and that neither the said Stephen Elmore Roberts, alias S. E. Roberts, nor Roberts Co-operating Company, Inc., a corporation, jointly or severally then and there owned and controlled fifteen thousand boxes of fruit as represented and pretended in and by said false statement in writing; that the said Stephen Elmore Roberts, alias S. E. Roberts, when making said false statement in writing then and there knew

the same was false when he so made it; that as a matter of fact the false statement in writing that he and the said Roberts Co-operating Company, Inc., a corporation owned the said citrus fruit packing house in fee simple free from any lien or mortgage indebtedness and owned and controlled the fifteen thousand boxes of fruit free from any lien or mortgage was false when made and he, the said Stephen Elmore Roberts, alias S. E. Roberts, knew the same to be false when he made it and knowing the same to be false he, the said Stephen Elmore Roberts, alias S. E. Roberts, did then and there knowingly, willfully, unlawfully and with fraudulent intent make and cause to be made said false statement in writing relating to the financial condition of himself and the said Roberts Co-operating Company, Inc., a corporation, to then and there injure and defraud the said M. Russell Warne trading and doing business under the trade name of Hezekiah Warne and Sons; and the said M. Russell Warne trading and doing business under the trade name of Hezekiah Warne and Sons, then and there relying upon and believing said false statement in writing and being deceived thereby was induced thereby to part with and did then and there part with its ownership of the aforesaid sum of money, to-wit: $3,000.00 of the money, credits, goods and property of the said M. Russell Warne trading and doing business under the trade name of Hezekiah Warne and Sons, in the manner and form aforesaid, and the said M. Russell Warne trading and doing business under the trade name of Hezekiah Warne and Sons except for the aforesaid false statement in writing made in the manner and form aforesaid would not have parted with ownership of the said sum of money, to-wit: $3,000.00 of the money, credits, goods and property of him, the said M. Russell Warne trading and doing business under the trade

name of Hezekiah Warne and Sons, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida.

"L. GRADY BURTON,
"*State Attorney for the Nineteenth Judicial Circuit of Florida.*"

The crime denounced by Section 7263 C. G. L., 5160 R. G. S., is in the nature of the ordinary felony of obtaining money or other thing of value under false pretenses. See Section 7258 C. G. L., 5155 R. G. S. The rule as to inducement of action applicable to the ordinary offense or obtaining money or property by false pretenses is therefore applicable to an attempted accusation under Section 7263 C. G. L., *supra.*

The substance of the offense under Section 7263 C. G. L., just cited is the obtaining by the defendant of credit, money or other property by means of a false statement in writing relating to the financial condition, assets or liabilities of such defendant, or the financial condition, assets or liabilities of any firm or corporation in which the defendant has a financial interest, or for whom he is acting, with fraudulent intent on defendant's part at the time thereof to obtain another's credit, money or other property by means of such false statement of financial condition, assets or liabilities referred to in the statute.

In order that a person may be convicted under the statute, there must not only be intent to deceive, but the intended fraud must actually be accomplished to the extent that some one is prejudiced thereby and as the direct result thereof. This is so notwithstanding the gravamen of the offense in the making, or causing to be made, the false statement in writing relating to defendant's financial condition,

assets or liabilities as aforesaid. See: Busby v. State, 120 Ga. 858, 48 S. E. Rep. 314; Moneyham v. State, 69 Fla. 577, 68 Sou. Rep. 758.

In the present case the most that the indictment can be said to charge is the signing by defendant of a false and fraudulently intended contractual warranty of the borrower's financial condition, assets and liabilities as part of a transaction with a lender from whom $3,000.00 was secured upon an endorsed note and a mortgage on property, neither of which latter instruments is alleged to be worthless or insufficient, if enforced, to produce the money, the payment of which is specifically and presumably adequately secured thereby. Neither the sole, no paramount, inducement for the loan is shown to have been the accompanying false warranty of financial condition, assets or liabilities alleged to have been incorporated in the alleged indenture agreement to which the mortgage was a mere incident.

And so it is, that the indictment fails to measure up to the requirement that direct inducement to action occasioned by the false statement must be shown to have taken place principally as the result of the making of such false statement with fraudulent intent, accompanied by some actual prejudice to the alleged deceived party on account thereof, all of which is essential to make out the offense attempted to be charged under Section 7263 C. G. L.

The indictment upon which the prisoner is shown to have been remanded to custody is fatally insufficient within the rule permitting attack thereon by habeas corpus where the indictment utterly fails to charge any criminal offense whatsoever.

I think the judgment should be reversed and the prisoner discharged at cost of Highlands County.