GEORGE L. TUBB v. NATHAN MAYO, as Custodian of the State Prison.

174 So. 325.
Opinion filed May 10, 1937.

*Martin & Martin,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell* and *James B. Watson,* Assistant Attorneys General, for Respondent.

BUFORD, J.—This is an original proceeding in habeas corpus.

Petitioner was convicted in the Criminal Court of Record of Orange County, Florida, on the 9th day of December, 1933, under the first and second counts of an information, which counts were as follows:

"That William Moorehead, George L. Tubb, Horace Hurst and Minnie Foster of the County of Orange and State of Florida on the 10th day of September in the year of our Lord one thousand nine hundred and thirty-three in the County and State aforesaid, did unlawfully break and enter a certain building, to-wit: a filling station, the property of W. F. Connell with intent to commit a felony, to-wit: grand larceny.

"And your informant aforesaid, prosecuting for the State of Florida, in the County of Orange, under oath, further information makes that William Moorehead, George L. Tubb, Horace Hurst and Minnie Foster of the County and State aforesaid on the 10th day of September, 1933, in the County and State aforesaid two automobile tires of the value of $30.00, 6 automobile inner tubes of the value of $12.00, 2 padlocks of the value of $2.00, $1.10 good and lawful money of the United States of America of the value of $1.10 all of the total value of $45.10 of the property, goods and chattels of W. F. Connell did unlawfully steal, take and carry away."

It is contended that the conviction is void because the first count of the information charges no offense under the laws of Florida and the defendant could not be sentenced to a period of imprisonment in the State Prison under the second count. The latter contention is entirely correct, but would be immaterial were it not for the fact that the record shows that the Court adjudged the defendant guilty of the crime

of "breaking and entering and petit larceny." There is no such crime known to the laws of Florida. There is a crime which may be designated "breaking and entering with intent to commit a felony" or "breaking and entering with intent to commit a misdemeanor," both of which are felonies, and another crime known as "petit larceny."

If he was convicted under the first count of the information the defendant in this case was found guilty by the jury of breaking and entering a certain building, the property of W. F. Connell, with intent to commit a felony, to-wit: grand larceny, which offense was charged in the first count of the information and, if he was found guilty under the second count of the information he was convicted of petit larceny. If he was found guilty under both of these counts of the information he was convicted of both offenses.

In any event, the judgment and sentence as imposed is not supported by the law or the record.

The offense is charged in the first count in the language of the statute and, therefore, does not entirely fail to charge the offense. The information was defective and should have been quashed or supplemented with a bill of particulars on timely motion.

Writ of habeas corpus cannot be used as a substitute for motion to quash or a writ of error. Moneyhan v. Bowles, 72 Fla. 259, 72 Sou. 931. In Jackson v. State, 71 Fla. 342, 71 Sou. 332, we held:

"The right to attack an information by the writ of habeas corpus is more limited than is permitted in motions to quash and in arrest, and may avail only when the offense charged does not constitute a crime under the laws of the State, by reason of the unconstitutionality of the statute invoked or when there is a total failure to allege a crime under any statute; inartificiality in pleading will not avail."

"Upon habeas corpus an information will be upheld as charging malpractice in office, when it alleges that a county commissioner received a money consideration for purchasing certain property for the county, even though the information fails to state that it was corruptly done."

Motion to quash the return is denied and the petitioner is remanded to the custody of the Respondent, with directions that he be delivered forthwith to the Sheriff of Orange County, Florida, by him to be presented at the bar of the Criminal Court of Record of Orange County at its next regular or special Term, there to receive such judgment and sentence as may be lawfully imposed upon him under the record.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.