Ivan Jones, Plaintiff in Error, v. Joe Cook, Defendant in Error.

200 So. 856
En Banc
Opinion Filed February 25, 1941
Rehearing Denied March 25, 1941

*E. M. Baynes,* for Plaintiff in Error;

*Newman T. Miller* and *Wareing T. Miller,* for Defendant in Error.

BUFORD, J.—Plaintiff in error, being charged in municipal court as is shown by two warrants appearing in the record, filed his petition for and procured writ of habeas corpus. On hearing, petitioner was remanded by the circuit court and he took writ of error.

It is stipulated in the record that the provisions of the ordinance, the violations of which are attempted to be charged, are as follows:

"Section 1.  Public Peace and Good Order:  Whoever willfully disturbs the peace of another by violence, tumultuous or offensive demeanor, loud or unusual noise, profane, obscene or offensive language, or other conduct calculated to provoke a breach of the peace, or by assaulting, striking, threatening or frightening another, or shall permit the same to be done upon premises, in his possession, custody or control, so that others in the vicinity are disturbed thereby, shall be deemed guilty of violating this section of this ordinance.

"Section 16:  Whoever shall willfully and maliciously destroy or attempt to destroy, or injure, mutilate, disfigure, or displace any public property of any kind, nature or char-

acter whatsoever, belonging to the Town of Greenacres City, or property used by any officer, agent, employees, or workman of this town in his official duty, employment or work, shall be deemed guilty of violating this section of this ordinance."

One of the charges, as shown by the warrant was:

"The said Ivan Jones did then and there willfully disturb the peace of another, to-wit Marcus Duggar, in that the said Ivan Jones displayed a tumultuous and offensive demeanor in the presence of the said Marcus Duggar, and did further violate said ordinance by the use of profane, obscene and offensive language in the presence of the said Marcus Duggar, and by other conduct calculated to provoke a breach of the peace, contrary to the ordinance in such cases made and provided, and against the peace and dignity of the Town of Greenacres City."

The other charge, as so shown, was:

"Count 1: The said Ivan Jones did then and there willfully and maliciously attempt to injure, mutilate or disfigure certain public property, to-wit, certain dirt, commonly called 'fill,' said dirt being the property of the Town of Greenacres City.

"Count II. The said Ivan Jones did then and there willfully and maliciously attempt to injure, mutilate or disfigure certain property, to-wit: certain dirt commonly called 'fill,' which property was then and there being used by employees of the Town of Greenacres City in their official employment, contrary to the ordinance in such cases made and provided, and against the peace and dignity of the Town of Greenacres City."

It is the contention of plaintiff in error that under the provisions of Section 140 of the Florida Criminal Procedure Act any defect in an affidavit, information or indictment

which is available as ground for motion to quash may be tested in habeas corpus proceedings.

The circuit judge held and adjudged:

"Notwithstanding Section 140 of the Criminal Procedure Act, I am of the opinion that habeas corpus is not a remedy for relief against imprisonment under a warrant that charges a criminal offense defectively or inartificially. There seems to be no reason why these matters cannot be more appropriately raised, presented and considered by the trial court.

"Thereupon, It Is Ordered and Adjudged that the plaintiff's motion to discharge from custody be denied; that the defendant's motion to remand be granted; that the plaintiff be forthwith remanded to the custody of the defendant, and that costs in the amount of $3.70 be taxed against the plaintiff."

Section 140, Florida Criminal Procedure Act is:

"When an indictment or information is filed and a defendant is in custody under capias he may apply for a writ of habeas corpus, attacking said indictment or information and bring it on to be heard before the trial court having jurisdiction, and in the event of an adverse ruling, he may, if in custody, apply for a writ of habeas corpus. If a defendant so in custody upon a capias as aforesaid is confined in jail for thirty days after his arrest, without trial, he may apply to the trial court having jurisdiction for and be allowed a preliminary hearing."

As we construe the section when considered with other provisions of the Act, it may have been the intent and purpose of the Legislature to make habeas corpus proceedings available in lieu of motions to quash and to review adverse rulings on motions to quash without being required to go to final judgment on the merits.

It is our duty to, if possible, construe legislative Acts so

as to hold them to be constitutional. That part of the above quoted section reading as follows: "When an indictment or information is filed and a defendant is in custody under a capias he may apply for a writ of habeas corpus, attacking said indictment or information; or he may move to quash the indictment or information and bring it on to be heard before the trial court having jurisdiction," is only a restatement of the law as it theretofore existed and did not accord to an accused any new rights or privileges not theretofore available. The question of whether or not habeas corpus proceedings may be successfully used depends upon the degree of infirmity of the indictment or information. In habeas corpus proceedings the court having jurisdiction thereof may always determine the sufficiency of the charge as well as the question of whether or not the petitioner should be held to answer the charge which appears to have been attempted to be made or a charge of some other criminal offense.

The language which follows the last above quoted, viz.: "and in the advent of an adverse ruling, he may, if in custody, apply for a writ of habeas corpus," cannot be given effect, as it runs counter to Section 5 of Article V of our Constitution in that it attempts to substitute original habeas corpus proceedings in lieu of appellate proceedings and thereby to authorize a superior court to review an order of an inferior court in other than appellate proceedings.

A similar question was presented in A. C. L. R. R. Co. v. Florida Fine Fruit Co., 93 Fla. 161, 113 Sou. 384; Brinson v. Tharin, 99 Fla. 696, 127 Sou. 313; Ulch v. Mountain City Mill Co., 103 Fla. 232, 138 Sou. 484, 140 Sou. 218; Des Rocher & Watkins Towing Co. v. Third National Bank of Miami, 106 Fla. 466, 143 Sou. 768; Am. Ry. Express Co. v. Weatherford, 86 Fla. 626, 98 So. 820.

In those cases we were considering the legislative power

to extend the scope of the writ of certiorari while here we have the attempt to substitute the writ of habeas corpus as a vehicle upon which to review the order of an inferior court which may be reviewed here only in appellate proceedings.

As stated, *supra*, one who is in custody under a capias may test by habeas corpus the sufficiency of the affidavit, information or indictment upon which the capias issued.

It does not necessarily follow, however, that if the affidavit, information or indictment is insufficient merely because of its allegations being defectively or inartificially worded or stated, the petitioner should be discharged absolutely.

The proper procedure in such cases is pointed out in the opinion in the case of Kirk v. Morrison, 108 Fla. 144, 146 Sou. 215, wherein we said:

"But the charge as stated insufficient though it may be, is nevertheless sufficient to indicate that probable cause may exist to believe that the defendant has violated the criminal statute upon which a portion of the stated charge is predicated.

"In consideration of the foregoing, the petitioner should be discharged from custody under the warrant on which he is now held, but committed to the custody of the Sheriff of Wakulla County for further proceedings according to law, to be instituted against him within five days, in default of which he is ordered absolutely discharged from custody. Let judgment be entered accordingly."

So, in this case the judgment should have been that the petitioner be discharged from custody under the warrants on which he was held but committed to the custody of respondent for further proceedings according to law, to be instituted against him within a reasonable time, definitely fixed by the court, and in default of such proceedings being

so instituted within such time that he be absolutely discharged.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

Reversed and remanded.

WHITFIELD, TERRELL and ADAMS, J. J., concur.

BROWN, C. J., CHAPMAN and THOMAS, J. J., dissent in part.

BROWN, C. J. (dissenting in part).—I agree with Mr. Justice BUFORD in his construction of the statute, Section 140 of the Criminal Procedure Act, but I do not think that this necessarily means that the judgment below should be reversed. The last paragraph of the opinion in the case of Kir v. Morrison, 108 Fla. 144, 146 So. 215, which is quoted in the opinion of Mr. Justice BUFORD, was not, in my judgment, intended to set a general rule to be followed in all cases. It was considered as appropriate in that particular and rather unique case.

I think this Court should avoid any widening of the scope of the writ of habeas corpus which would burden appellate courts with passing upon the sufficiency or insufficiency of any indictments, informations and warrants, unless the insufficiency complained of amounted to a complete failure to charge any criminal offense. The general rule is that habeas corpus does not lie to correct any mere irregularities of procedure where the court has jurisdiction. State v. Lehman, 100 Fla. 481, 129 So. 818; Chase v. State, 93 Fla. 963, 113 So. 103, 54 A. L. R. 271; Haile v. Gardner, 82 Fla. 355, 91 So. 376; Ex Parte Messer, 87 Fla. 92, 99 So. 330; Dukes v. State, 81 Fla. 247, 88 So. 474; Ex Parte Bowen, 25 Fla. 214, 6 So. 65; Ex Parte Prince, 27 Fla.

196, 9 So. 659, 26 Am. St. Rep. 67; *Ex Parte* Pitts, 35 Fla. 149, 17 So. 76; Wilson v. Joughin (Fla.) 141 So. 182.

Neither error nor the regularity of judicial proceedings can be reviewed on habeas corpus, whether it be some informality or procedure before the trial, error in the sentence itself, or some irregularity subsequent to sentence. Bronk v. State, 43 Fla. 461, 31 So. 248, 99 Am. St. Rep. 119; State v. Browne (Fla.) 142 So. 247, 250.

Habeas corpus is not a remedy for relief against imprisonment under a warrant or indictment that charges a criminal offense defectively or inartificially. *Ex Parte* Garvey, 84 Fla. 583, 94 So. 381; Bass v. Doolittle, 93 Fla. 993, 112 So. 892; *Ex Parte* Prince, 27 Fla. 196, 9 So. 659, 26 Am. St. Rep. 67; *Ex Parte* Amos, 93 Fla. 5, 112 So. 289; *In Re* Robinson, 73 Fla. 1068, 75 So. 604, L. R. A. 1918B, 1148; *Ex Parte* Bowen, 25 Fla. 214, 6 So. 65; *Ex Parte* Senior, 37 Fla. 1, 14, 19 So. 652, 32 L. R. A. 133; Lehman v. Sawyer (Fla.), 143 So. 310:

A minor defect in pleading contained in an indictment or information which is not of such material importance as to render the information or indictment so faulty as not to charge any offense is not available on habeas corpus. Johnson v. State, 99 Fla. 1311, 128 So. 853.

Where an indictment does not wholly fail to charge an offense under the law, habeas corpus is not available. Reffkin v. Boyce (Fla.), 139 So. 578.

The right to attack an information or indictment by habeas corpus is more limited than is permitted in motions to quash or in arrest of judgment. Johnson v. State, 99 Fla. 1311, 128 So. 853.

Where habeas corpus is invoked to obtain the discharge of a person held in custody to answer a charge of crime, it must be shown that the statute under which the charge is made is invalid, or that the charge as made is not merely

defective in its allegations, but wholly failed to state any offense under the laws of the State. Lehman v. Sawyer (Fla.) 143 So. 310; State v. Mayo, 88 Fla. 96, 101 So. 228; Foxworth v. Law, 77 Fla. 596, 82 So. 55; In Re Robinson, 73 Fla. 1068, 75 So. 604, L. R. A. 1918B, 1148; Jackson v. State, 71 Fla. 342, 71 So. 332; Ex Parte Davidson, 76 Fla. 272, 79 So. 727; Bass v. Doolittle, 93 Fla. 993, 112 So. 892; McLeod v. Chase, 95 Fla. 736a, 116 So. 858; Crooke v. Van Pelt, 76 Fla. 20, 79 So. 166.

The writ of habeas corpus cannot be used as a substitute for a demurrer, a motion to quash, a writ of error, writ of *coram nobis,* or certiorari. Moneyham v. Bowles, 72 Fla. 259, 72 So. 931; State v. Dillon, 75 Fla. 785, 79 So. 29; In Re Robinson, 73 Fla. 1068, 75 So. 604, L. R. A. 1918B, 1148; State v. Logan, 87 Fla. 348, 100 So. 173; Carroll v. Merritt, 91 Fla. 893, 109 So. 630; Roberts v. State, 95 Fla. 182, 116 So. 228; Crooke v. Van Pelt, 76 Fla. 20, 79 So. 166; Futch v. State, 101 Fla. 328, 134 So. 791; Lehman v. Sawyer (Fla.), 143 So. 310.

It would delay and disturb the orderly course of the administration of the criminal law if defendants were permitted to anticipate the regular trial of the case in the court vested with jurisdiction by attacking the indictment, information or affidavit for some mere defect of form before the justice or judge of some other court upon habeas corpus proceedings.

See also opinion of Mr. Chief Justice BUFORD in French v. Turner, 103 Fla. 425, 137 So. 521; and Encyc. Digest of Florida Reports, Vol. 6, pp. 334, *et seq.,* where our decisions are collated.

I thoroughly agree with Mr. Justice BUFORD that a writ of habeas corpus is a constitutional writ, perhaps the grandest and most precious of all the common law writs which this Court and the circuit courts are expressly authorized

by the Constitution to issue, and that the scope of such writs cannot be either contracted or expanded by the Legislature.

For these reasons I think that the judgment below should be affirmed.

CHAPMAN and THOMAS, J. J., concur.