STATE OF FLORIDA, ex rel. J. TOM WATSON, as Attorney General of Said State, v. J. M. LEE, as Comptroller of the State of Florida.

8 So. (2nd) 19                                             En Banc
May 8, 1942

J. Tom Watson, Attorney General, Lawrence A. Truett, Fred M. Burns, and Lewis W. Petteway, Assistant Attorneys General, for plaintiff.

Lewis A. Tribble, Keen & Allen, and Wm. P. Allen, for defendant.

WHITFIELD, J.:

The Attorney General of Florida has filed in this Court a "Civil Information" in which it is in effect alleged that the State Comptroller has entered into a contract with a named law firm, and treated as a contract or agreement between the Comptroller of the State of Florida and said law firm, for stated services to the State in the collection of intangible taxes prior to 1941 or prior years, which taxes should

have been but were not assessed or collected under the statutes of the State, and that such contract is illegal for stated reasons. The pleading concludes as follows:

"The Attorney General of the State of Florida, now having given the court to understand and be informed regarding the matters affecting the sovereign State of Florida, prays that the Court will issue such rules, orders or decrees as to it may seem meet and proper."

A separate motion filed "moves the Court for a rule or order requiring the defendant, J. M. Lee, as Comptroller of the State of Florida, to be and appear before this Honorable Court upon a short day to be fixed therein and to show to this Honorable Court by virtue of what law or authority of law that he, the said defendant, J. M. Lee, as Comptroller of the State of Florida, entered into the purported contract attached to the civil information heretofore filed in this cause as Exhibit B thereof."

The essential question to be adjudicated is whether the quoted motion should be granted or denied.

The Constitution of the State and not a common law prerogative or other writ, confers jurisdiction upon the Supreme Court of Florida. Judicial writs when duly authorized and issued are the means by which the already conferred jurisdiction of the court may be applied to particular cases. Unless the Constitution confers jurisdiction on the Supreme Court, the issue of a judicial writ by the court does not confer jurisdiction upon the court. Where the court has jurisdiction, the issuance by it of a judicial writ attaches the existing conferred jurisdiction of the court to a particular case. The express power given by the constitution of Florida to the Supreme Court

to issue stated writs, by implication and intendment also confers upon the Supreme Court jurisdiction of justiciable matters to which such specifically designated writs may lawfully apply. The jurisdiction is conferred by the intendments of the Constitution in authorizing the issuance of the specified writs, and not by the writs issued which only attach the constitutional jurisdiction of the court to the case in which the writ is issued.

The Constitution of Florida provides that:

"All courts in this State shall be open so that every person for an injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be adminstered without sale, denial or delay." Sec. 4. Decl. Rts.

Section 5, Article V, of the Constitution of 1885, differing from prior organic provisions, confers and defines the appellate jurisdiction of the Supreme Court, except such as may be exercised through the express power conferred "to issue writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus and all other writs necessary or proper to the complete exercise of its jurisdiction." The express power granted to this Court to issue "all writs necessary or proper to the complete exercise of its jurisdiction" has reference only to ancillary writs to aid in the complete exercise of the original or the appellate jurisdiction of the Supreme Court, and does not confer added original or appellate jurisdiction in any case.

While the Constitution defines the appellate jurisdiction of the Supreme Court and expressly authorized the court to issue specified writs, such appellate jurisdiction or the power to issue stated classes of

judicial writs, does not attach itself to particular cases; but jurisdiction and the issue of authorized writs must be *duly invoked* by proper applications for authorized and appropriate writs or procedure, so that right and justice may be administered "by due course of law." Lovett v. Lovett, 93 Fla. 611, 112 So. 768. This Court may adjudicate the legality or applicability of particular writs or procedure when applied for or used; but this Court does not determine what writ or procedure is legal or appropriate to give the Court jurisdiction on the facts alleged in a pleading filed when no designated writ or procedure is asked for. This is particularly so where, as here, no specific writ or authorized procedure is asked for to invoke the jurisdiction of this Court which exercises its original jurisdiction only by the issue of specific writs, and where, as here, the facts alleged do not require or justify the use of any one of the writs which the Constitution requires to be issued if the original jurisdiction of the Supreme Court is to be exercised. When and not until jurisdiction is acquired can ancillary writs be duly issued by the Court, and only when "necessary or proper for the complete exercise of its jurisdiction." A rule nisi or to show cause why a particular writ duly applied for should not be issued, may be ordered by this Court in proper cases; but there must be an appropriate application for a designated writ which is within the jurisdiction of the Court to issue, before a rule nisi or order to show cause will be granted.

The organic command that "all courts in this State shall be open so that every person for injury done him . . . shall have remedy, by due course of law, and right and justice shall be administered . . .,"

necessarily contemplates that the court, whose power to adjudicate or authority to determine a controversy is sought to be invoked, has jurisdiction of the matter presented for decision to afford the remedy sought, and that such jurisdiction or remedy shall be invoked "by due course of law." If the jurisdiction or the remedy sought to be invoked is appellate in its nature an appeal, if authorized and appropriate, should be duly taken or a proper writ or other procedure authorized by law should be duly applied for as the law requires in each case. If original jurisdiction is to be invoked the appropriate writ of procedure should be applied for. See Rules 27 to 34.

This Court has no original equity jurisdiction and it can issue one of the writs expressly authorized by the Constitution only when it is specifically applied for and the application makes at least a prima facie case for the issue of a particular writ that the Court has jurisdiction to issue. Applications may sometimes be in the alternative for an original writ in this Court; but some particular authorized writ or procedure must be applied for, and a prima facie case for the issuance of the writ or procedure sought must be duly presented to the Court for its judicial consideration and action thereon.

In this case no review of a judicial or quasi-judicial nature is involved and no particular writ within the jurisdiction of this Court to issue, is applied for. Nor do the allegations of the pleadings require or justify the issue of any one of the writs within the jurisdiction of this Court to issue under Section 5, Article V, of the Constitution.

The Motion As Made Should Be and Is Denied.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.