MATHEWS, Justice.
There is involved in this proceeding a petition for a writ of certiorari to review an order with respect to the valuation or assessment of properties of the petitioner for the year 1953. The petition prays that the Court will “review the sam'e and quash the purported valuation or assessment of the Seaboard’s properties for the tax year 1953 as made by the Railroad Assessment Board.” .
The respondents filed a motion to dismiss. The motion did not contain a ground that this Court was without jurisdiction. However, in the briefs filed, the. question of jurisdiction is argued. ,, .
Section’ll of Article V of the State Constitution, F.S.A., grants original exclusive jurisdiction to the Circuit Courts of this State in certain matters. The pertinent part of Section 11, Article V, of the State . Constitution, is as follows:
“The. Circuit Courts shall have ex-. elusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable 'by inferior courts, and ■ in all cases involving the legality of any. tax, assessment, or toll; of the .action-of ejectment and of all actions involving the ..titles or boundaries of real estate,, and of all criminal cases not cognizable by inferior courts.; and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the Legislature may provide. * * * ”
In the brief filed by the Attorney Genera] on behalf oí the respondents, after having discussed the question of jurisdiction, it is stated:
“This question was not presented by the motion of the respondents to dismiss the cause, and has been argued only and merely to advise the court of the existence of a question of jurisdiction over the subject matter of the proceeding. These respondents would prefer to have this cause tried in this court and not in the Circuit Court, if this court has jurisdiction, because we feel quite sure that any decision of . the Circuit Court, if tried there, would ■be brought on appeal to this court.” (Emphasis supplied.)
The fact that a decision by the Circuit Court may be brought to this Court by appeal for review does not confer origi *593 nal jurisdiction on this Court or justify “by-passing” the Circuit Court, which has “exclusive original” jurisdiction in all cases “involving the legality of any tax, assessment or toll.”
Many case's have been cited by petitioner where the writ of mandamus has been issued by this Court to compel some officer to perform a duty imposed upon him by law and the validity or invalidity of a tax or assessment was affected by or dependent upon the issuance of such writ or the performance of such duty by an official. Such cases are not controlling on the question now under consideration. The validity of a tax may depend upon the validity of a law or the performance of some specific duty by an official. Where the writ of mandamus has issued in those cases, the primary question was the validity of the law imposing the .tax or the necessity of the performance of some specific duty imposed by law upon an official. In such cases the tax or the assessment of the tax was a mere incident to the main question involved. The very fact that a tax assessment is involved will not divest this Court of its jurisdiction in mandamus cases to require an official to perform the specific duties imposed upon him by law or to pass upon the validity' of an Act of the Legislature imposing a tax. There is a vast difference between an .attack upon the assessment of a tax by the tax, assessor, or in this case the so-called Railroad Assessment Board, and an attack upon the validity or constitutionality of the Act upon which the tax assessor or the board in question is authorized to act or proceed. Typical examples are the Acts imposing the Limited Sales Tax and the Chain-Store Tax.
State ex rel. Lane Drug Stores, Inc., v. Simpson, 122 Fla. 582, 166 So. 227 (the Chain Store Tax), was a proceeding in mandamus. In that case the validity of Chapter 16848, Laws of 1935, was under attack. The contention was made that the Circuit Court had exclusive jurisdiction to determine the validity of the tax. The question involved was not the validity of the tax but the validity of the law imposing the tax, and incidentally, if the law imposing -the tax was unconstitutional, then there would be no tax. The mere fact that a tax was involved did not divest this Court of its jurisdiction to issue the writ of mandamus, and in doing so, to pass upon the constitutionality of the law in question. There was some language in the opinion (in the Chain Store Tax case) to the effect that the clause in Section 11 of Article V of the Constitution, that the Circuit Court should have exclusive original jurisdiction in all cases involving the legality of any tax, assessment or toll, was intended to exclude from inferior courts such jurisdiction. Such language was unnecessary to a decision in that case and may be considered as dictum.
In the case of Watson v. Henderson, 98 Ark. 63, 135 S.W. 461, it was held that the word “exclusive”, giving the circuit court exclusive original jurisdiction of everything properly pertaining to matters cognizable in courts of probate, meatis “possessed to the exclusion of others”.
In the case of Ex parte Wade, 2 Okl. Cr. 100, 100 P. 35, it was held that where it was provided that a proceeding concerning a certain matter can only be brought in one court, that court has exclusive jurisdiction. “Exclusive jurisdiction” is that jurisdiction which gives sole power to try a case in a particular court.
In this case the petition attacks the valuation or assessment of petitioner’s property for the year. 1953. This is a suit involving the legality of a tax or an assessment and “exclusive original jurisdiction” in such a suit is vested in the Circuit Court. Every question attempted to be presented in this proceeding may be presented in a suit in the Circuit Court and if the petitioner is aggrieved by the determination of the matter in the Circuit Court, it will then have its remedy in this Court for an appellate review of the proceedings in.the *594 Circuit Court. Such a procedure is due process of law.
The respondents place some importance upon the provision oí Section 5 of Article V of the State Constitution that this Court shall have the power to issue certain writs “and also all writs necessary or proper to the complete exercise of its. jurisdiction.” The question of jurisdiction must first be determined before any writ necessary or proper to the complete exercise of its jurisdiction can be issued. If there is no jurisdiction, then there is no authority or power to issue a writ to the complete exercise of a jurisdiction which does not exist.
In the case of State ex rel. Watson v. Lee, 150 Fla. 496, 8 So.2d 19, 21, this Court said:
“Section 5, Article V, of the Constitution of 1885, differing from prior organic provisions, confers and defines the appellate jurisdiction of the Supreme Court and confers no original jurisdiction upon the Supreme Court, except such as may be exercised through the express power conferred 'to issue writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and also all writs necessary or proper to the complete exercise of its jurisdiction.’ The express power granted to this court to issue ‘all writs necessary or proper to the complete exercise of its jurisdiction’ has reference only to ancillary writs to aid in the complete exercise of the original or the appellate jurisdiction of the Supreme Court, and does not confer added original or appellate jurisdiction in any case.”
The petition for writ of certiorari be and the same is hereby dismissed ex mero motu.
ROBERTS, C. J., TERRELL, THOMAS, SEBRING and DREW, JJ., and PATTERSON, Associate Justice, concur