90 So.2d 300 (1956)
CITY OF DUNEDIN, Petitioner,
v.
E.W. BENSE, Respondent.
Supreme Court of Florida. En Banc.
October 17, 1956.
Rehearing Denied November 26, 1956.
Dicus, Owens, Satterfield & Stamathis, Tarpon Springs, for petitioner.
Bussey & Simmons, St. Petersburg, for respondent.
THORNAL, Justice.
The petitioner City of Dunedin by petition originating in this court seeks certain *301 relief under Chapter 29691, Laws of Florida 1955, Section 75.09, Florida Statutes 1955, F.S.A.
The determining question is whether Chapter 29691, Laws of Florida 1955, is constitutional.
The petitioner alleges that on April 6, 1956, the Circuit Court of Pinellas County entered a decree under Chapter 75, Florida Statutes, F.S.A., validating an issue of Causeway and Island Improvement Revenue Bonds. No appeal was taken from that decree.
After the appeal period, respondent Bense filed in the Circuit Court of Pinellas County two separate suits. One was a proceeding for declaratory decree assaulting the validity of certain fiscal agency contracts and an agreement executed by the City providing for the sale of the bonds. This agreement was executed after entry of the final decree. The other suit was a proceeding in quo warranto. It assaulted the validity of the annexation to the Town of Dunedin of the islands to which the proposed causeway would be constructed. The causeway would be financed with proceeds from the sale of the bonds.
Petitioner contends that the validation decree having become final, the subsequently filed suits are collateral attacks on matters adjudicated by the final decree. It points out that respondent did not obtain permission of this court to file the suits as required by Chapter 29691, supra. It requests the entry of an injunctive order prohibiting the further prosecution of the two suits.
The respondent defends against the petition on the proposition that the two suits present substantial questions of law which were not settled by the validation decree. He also contends that Chapter 29691, Laws of Florida 1955, is unconstitutional.
We must proceed initially to a consideration of the constitutionality of the assaulted statute. In order to pass on the merit of the petition and answer, it would be necessary for us to take jurisdiction of the cause. Such jurisdiction would necessarily be based on the statute. We must therefore determine first the constitutionality of the Act which attempts to confer such jurisdiction.
Section 1 of the Statute is a comprehensive revision of Section 75.09, Florida Statutes, as theretofore written. The first paragraph broadens the scope of the conclusive nature of decrees validating bond issues. By its second paragraph, Section 1 of the Act provides in substance that any person affected by a final decree of validation "may file an application in the supreme court of Florida for leave to institute an action * * * questioning the validity of such final decree * * *." The third paragraph of said Section 1 in substance provides that if the Supreme Court grants such application it shall require the applicant to file a bond to indemnify the public body "for all damages and expenses caused such public body in any manner by the institution of such action". The filing of the bond shall be a condition precedent to the filing of the suit.
The fourth paragraph of said Section 1 contains broad provisions for the recovery of damages on the bond by the public body. It then proceeds to undertake to confer upon the Supreme Court "original jurisdiction * * * by injunction or other appropriate remedy" to prohibit the filing of any action attacking the validity of a validation decree except in the manner provided in the section. It further authorizes the Supreme Court to punish as a civil contempt any violation of any injunction order thus entered.
It would appear from an examination of the cited statute that it constitutes an attempt by the Legislature to place substantial barriers against assaults on decrees validating bond issues. Admittedly, the public interest justifies appropriate legislative action providing for prompt and conclusive disposition of bond validation *302 proceedings. In order to act effectively, however, the Legislature must function within the orbit prescribed by the Constitution. The jurisdiction of the Supreme Court of Florida is delineated by Section 5, Article V, of the Constitution, F.S.A., which reads as follows:
"Section 5. The Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in Circuit Courts, and of appeals from the Circuit Courts in cases arising before Judges of the County Courts in matters pertaining to their probate jurisdiction and in the management of the estates of infants, and in cases of conviction of felony in the criminal courts, and in all criminal cases originating in the Circuit Courts. The Court shall have the power to issue writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and also all writs necessary or proper to the complete exercise of its jurisdiction. Each of the Justices shall have power to issue writs of habeas corpus to any part of the State upon petition by or on behalf of any person held in actual custody, and may make such writs returnable before himself or the Supreme Court, or any Justice thereof, or before any Circuit Judge."
Neither this court nor the Legislature has the power to extend the jurisdiction of this court beyond the confines of the constitutional prescription. A casual examination of the quoted provision of our Constitution reveals that the Supreme Court is primarily an appellate court. Such original jurisdiction as it has is defined by the Constitution to include the power "to issue writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and also all writs necessary or proper to the complete exercise of its jurisdiction." Nowhere in this provision do we find authority for the Supreme Court to exercise original jurisdiction for the issuance of injunctions. Nowhere in this section do we find authority to the Legislature to empower this court to encroach upon the nisi prius jurisdiction of the Circuit Courts which according to Section 11, Article V, of the Constitution, "shall have exclusive original jurisdiction in all cases in equity * * *."
The orbit within which the Supreme Court must function was well defined in State ex rel. Watson v. Lee, 150 Fla. 496, 8 So.2d 19. We there held that jurisdiction of the Supreme Court is conferred by the Constitution itself. It is not endowed with any common-law prerogative outside of the boundaries established by organic law. Certainly, the appellate jurisdiction is clearly defined. Its original jurisdiction is stated with equal clarity. The ancillary constitutional writs referred to as those "necessary or proper to the complete exercise of its jurisdiction" are writs which are incidental to the jurisdiction either appellate or original otherwise delineated by the Constitution. If the last quoted provision were extended beyond this scope, then obviously by the simple process of passing a law, the Legislature could expand the original jurisdiction of the Supreme Court to an illimitable degree. For a splendid discussion of The Extraordinary Writs in Florida, see the Symposium, University of Florida Law Review, Vol. IV, No. 4.
In the later case of Schwob Co. v. Florida Industrial Commission, 152 Fla. 203, 11 So.2d 782, we held that a cause cannot be transferred bodily to the Supreme Court except from a determination by a lower court or some administrative agency. Any effort to bring about such a transfer without a prior determination by an inferior tribunal is tantamount to an attempt to endow this court with original jurisdiction. Again we held that the Legislature has no power to extend jurisdiction of the Supreme Court beyond that defined in the Constitution. Any contrary conclusion would necessarily ignore the historical doctrine *303 of separation of powers that is so fundamental to our democratic system. Implicit in such a holding would be authority to the legislative branch of the government to regulate and control the constitutional jurisdiction of the judicial branch. We have consistently held within constitutional limitations statutory efforts to expand the original jurisdiction of the Supreme Court. Brinson v. Tharin, 99 Fla. 696, 127 So. 313; State ex rel. Fulton v. Ives, 123 Fla. 401, 167 So. 394; Jones v. Cook, 146 Fla. 253, 200 So. 856.
Applying these principles to the statute at hand we are led to the inescapable conclusion that by Chapter 29691, Laws of Florida 1955, the Legislature undertook to confer upon the Supreme Court original trial jurisdiction in contravention of the provisions of the Constitution above discussed.
We find implicit in the authority which the Legislature attempted to give to this court the necessity for hearing a cause ab initio without a prior determination by an inferior tribunal. Nowhere in the Constitution do we find any basis for the exercise of the jurisdiction attempted to be granted by this statute. We are, therefore, compelled to declare unconstitutional those portions of the Act which violate the Constitution. We do not lose sight of the rule which we ourselves have so often recognized to the effect that every effort should be made to sustain the constitutionality of a legislative enactment. In the case at bar the effort has been made but the statute does not meet the test of the organic law.
Section 3 of Chapter 29691, supra, F.S.A. § 75.09 note, constitutes a very comprehensive severability clause which clearly indicates the legislative intent to retain in effect any valid provisions of the statute even in the presence of the invalidity of other provisions. Giving full scope to the expressed intent of the Legislature, we, therefore, hold to be constitutional that portion of Section 1, Chapter 29691, Laws of Florida 1955, reading as follows:
"Section 1. That section 75.09, Florida Statutes, be and the same is hereby amended so as to read as follows:
"`Section 75.09. Effect of Final Decree. In the event the decree of the circuit court validates such bonds, certificates or other obligations, which may include the validation of the county, municipality, taxing district, political district, subdivision, agency, instrumentality or other public body itself (hereinafter referred to as ("public body") and any taxes, assessments or revenues affected, and no appeal is taken within the time above prescribed, or if taken and the decree of the circuit court is affirmed, such decree shall be forever conclusive as to all matters adjudicated against the petitioner and all parties affected thereby, including all property owners, taxpayers and citizens of the petitioner, and all others having or claiming any right, title or interest in property to be affected by the issuance of said bonds, certificates or other obligations, or to be affected in any way thereby, and the validity of said bonds, certificates or other obligations (hereinafter referred to as "obligations"), or of any taxes, assessments or revenues pledged for the payment thereof (hereinafter referred to as "security"), or of the proceedings authorizing the issuance of such obligations, including any remedies provided for their collection (hereinafter referred to as "proceedings"), shall never be called in question in any court by any person or party, either as a plaintiff or defendant.'"
All of the remainder of said Section 1 is hereby declared to be unconstitutional and therefore void and of no effect.
In view of the unconstitutionality of the portion of the statute on which the *304 petitioner relies and in view of the fact that this statute would otherwise constitute the sole basis for the exercise of jurisdiction, we therefore must necessarily decline to take jurisdiction of the matter presented by the petitioner.
DREW, C.J., and TERRELL, THOMAS, HOBSON and O'CONNELL, JJ., concur.
ROBERTS, J., not participating.