PER CURIAM.
Interlocutory appeals were taken from a preliminary injunction and subsequent orders denying motions to dissolve.
Appellees filed suit in the circuit court in equity, calling attention to a mandamus action which they had brought in the same court. The object of the latter was to compel the City to repeal a resolution for transfer of police functions to the county government, and to make provisions for continuing the relators (police officers of that city) in the city’s employ and in their present rank or grade. Based on a showing, which the chancellor considered sufficient, that it was essential for the preservation of their rights and for the complete exercise of the court’s jurisdiction in the mandamus action, the chancellor entered an injunction order to maintain the status quo, pending-determination of the mandamus action which was then before another judge of that court.
When the city, after appealing from the injunction order, moved in this court for a supersedeas order, we held (111 So.2d 90) that the city’s appeal operated as a stay without the necessity for such an order, by virtue of § 59.14(1), Fla.Stat., F.S.A. See City of Miami v. Lewis, Fla.App.1958, 104 So.2d 70. Thereafter, on motion of the appellees this court granted an injunctive order in aid of jurisdiction on February 6, 1959, to be effective pending tire hearing *34 and disposition of this appeal, or until further order.
The injunctive order of the circuit court to preserve the subject matter of the mandamus action during its pendency in that court, is supported by the grant of power in the Constitution to circuit courts to issue not only the writ of mandamus but also “all writs necessary and proper to the complete exercise of their jurisdiction.” Fla.Const., Art. V, § 6(3), 26 F.S.A.
In the separate sections of the State Constitution (§§ 4, 5 and 6 of Article V) prescribing the jurisdiction of the Supreme Court, district courts of appeal, and circuit courts, each court is given the power to issue “all writs necessary or proper to the complete exercise of its [or their] jurisdiction.” In the case of the circuit courts, such writs may be issued by them in aid of proceedings properly before them in the exercise of original jurisdiction as well as in exercise of their granted appellate jurisdiction.
Issuance of the injunctive order in question was within the power and discretion of the circuit court, and it has not been shown that the action of the circuit court in that respect was an abuse of discretion. Cf. Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541, 544.
The record here has been supplemented to show that two days prior to the argument of this appeal, the mandamus cause, to which the injunctive order in question was ancillary, was dismissed by the circuit court without leave to amend and by a judgment final in form. Thus, the circuit court jurisdiction in the mandamus action, for the aid of which the injunctive order was entered, has terminated.
The end of the mandamus case in the circuit court served to terminate for all proper purposes the ancillary injunction suit and the injunction issued in aid of the mandamus jurisdiction in that court. In the event of an appeal of the judgment dismissing the mandamus the jurisdiction of the matter would then be in the appellate court. If a supersedeas of the judgment denying mandamus would not be effective, any other necessary order in aid of jurisdiction would have to be made in the appellate court, under § 4(2) or § 5(3), Art. 5, Fla.Const., based on its jurisdiction after appeal filed (Seaboard Air Line R. Co. v. Gay, Fla.1953, 68 So.2d 591) or based on its potential appellate jurisdiction before appeal filed (Bishop v. Chillingworth, 114 Fla. 286, 154 So. 254).
Accordingly, the order granting the injunction and the orders refusing to dissolve the injunction, which are appealed here, are affirmed; but the injunction is held to be of no further effect. By a separate order entered this date the injunctive order in aid of jurisdiction issued by this court on February 6, 1959, has been set aside.
Affirmed.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.