115 So.2d 1 (1959)
Karl E. ENGEL, as Chief of Police of the City of North Miami; Sergeant Robert Landis, as Police Officer of the said City in charge of the Identification Bureau; Lieutenant Wayne Thurman, as Police Officer of the City of North Miami in charge of the Detective and Homicide Bureau; Sergeant Lee Graham, as Police Officer in charge of the Juvenile Bureau; Harry White as Supervisor of the Communications Bureau; and Margaret Crosson, as Traffic Crossing Guard and as a member of the School Patrol, Petitioners,
v.
CITY OF NORTH MIAMI, a municipal corporation, Respondent.
Supreme Court of Florida.
October 14, 1959.
*2 Brigham, Wright & Rearick and E.F.P. Brigham, Miami, for petitioners.
Boardman, Bolles & Davant and Fred C. Davant, Miami, for respondent.
THORNAL, Justice.
By petition for certiorari the petitioners asked us to review a decision of the District Court of Appeal, Third District, in City of North Miami v. Engel, Fla.App. 1958, 109 So.2d 33.
We are immediately confronted by a jurisdictional problem, the solution to which precludes our consideration of the merits.
Petitioners had proceeded as plaintiffs in two separate divisions of the circuit court. In one they sought a writ of mandamus to compel their restoration to the city police department. In the other they obtained a temporary injunction against the transfer of certain municipal police functions to the Dade County metropolitan government. From this last order the City appealed. By its decision in 109 So.2d 33, the court of appeal undertook to construe initially Article V, Section 6(3), Florida Constitution as amended, F.S.A. The district court concluded that the temporary injunction was in the nature of an ancillary writ. It decided that, since the mandamus case to which the injunctive writ was ancillary had been disposed of, then the ancillary proceeding was thereby necessarily concluded.
By their petition for certiorari the petitioners here contend that the decision of the court of appeal was erroneous for the reason that, in their view, the injunction proceeding was a separate, independent exercise of the equity jurisdiction of the trial court. They suggest that it was, therefore, error for the court of appeal to conclude that the temporary injunction proceeding was merely ancillary to the related mandamus case.
The respondent has submitted a motion to dismiss the petition. They contend that the petitioners have failed to reveal any jurisdictional foundation in this Court for obtaining the requested review.
The decision of the court of appeal under consideration reveals that that court initially construed a controlling provision of the Constitution dealing with the jurisdiction of the circuit court. The constitutional question apparently was not directly presented to the chancellor who, it seems, merely exercised the power to grant a temporary injunction pursuant to the complaint presented to him. The petition for certiorari lodged here does not suggest that the decision of the court of appeal directly conflicts with a prior decision of this Court or another court of appeal on the same point of law. Rather the petitioners come here invoking our constitutional jurisdiction to review a decision of a court of appeal initially construing a controlling provision of the Constitution.
By the petition here, the petitioners assign as their basis for review the following:
"It is our contention that the District Court of Appeal (Third District) improperly construed Article V, Paragraph 6(3), of the Florida Constitution, to require a cancellation of the equity court's injunction immediately upon the common law circuit court's refusing to allow the Amended Writ to be filed (on the ground it stated no cause of action), and dismissing the Mandamus suit." (Emphasis added.)
Our constitutional jurisdiction to review decisions of this nature is announced by Article V, Section 4(2), Florida Constitution, as follows:
"Appeals from district courts of appeal may be taken to the supreme court, as a matter of right, only from decisions initially passing upon the validity of a state statute or a federal statute or treaty, or initially construing a controlling provision of the Florida or federal constitution."
*3 It is obvious that we have the power to review decisions of the type here submitted but the matter must be brought to us by appeal as distinguished from certiorari. The Constitution specifically provides that decisions of the nature under consideration come here by appeal as a matter of right. It will be recalled that the petitioners have submitted their contentions for reversal by way of petition for certiorari which is a discretionary writ and which, under the Constitution, is not available for obtaining review of the type of order here present. Implementing the constitutional provision and confirming the position which we here announce is Rule 3.1, Florida Appellate Rules, 31 F.S.A., which reads:
"Except where petitions for certiorari are permitted by law or by these rules, all appellate review shall be by appeal."
In times past we have, in accord with Section 59.45, Florida Statutes, F.S.A., and our own rule, exercised the power to consider a notice of appeal as a petition for certiorari in an appropriate case. Thomas Jefferson, Inc. v. Hotel Emp. Union, Local 255 (AFL), Fla. 1955, 81 So.2d 731; Borras v. Allered, Fla. 1952, 58 So.2d 152. We have never been authorized to construe a petition for certiorari as a notice of appeal. Our precedents establish the proposition that a petition for certiorari cannot and will not be considered as a notice of appeal in order to accomplish appellate review. Fort v. Fort, Fla.App. 1958, 104 So.2d 69; Jones v. Johnson, Fla.App. 1957, 98 So.2d 506; Bartow Growers Processing Corp. v. Florida Growers Processing Cooperative, Fla. 1954, 71 So.2d 165.
Finding as we do that inherent in the decision of the court of appeal is a question which, under the Constitution, would potentially fall within our jurisdiction for review but finding also that the matter is brought to us by a proceeding which under the Constitution is not available for the purpose, we are compelled to grant the motion to dismiss the petition for certiorari.
It is so ordered.
THOMAS, C.J., and TERRELL and O'CONNELL, JJ., concur.
ROBERTS, J., dissents.