THORNAL, Justice
(dissenting in part):
I am satisfied that the Supreme Court has no jurisdiction in the premises. Hence, I would not issue the foregoing order. The majority of the Court has decided that we do have jurisdiction to issue said order. That having been decided, I do not object to the conclusions of the order.
ERVIN, J., concurs.
AMENDMENT TO CONSTITUTIONAL WRIT
PER CURIAM.
Upon consideration of the petition to amend the petition for alternative writ to designate as additional respondents the Canvassing Boards of Alachua, Brevard, Broward, Duval, Hernando, Hillsborough, Lee, Leon, Manatee, Monroe, Orange, Palm Beach, Pinellas, Polk, Sarasota, Sumter and Volusia Counties, it is
Ordered that said petition to amend is granted and the individual members of the Canvassing Boards of each of the aforesaid Counties is hereby made a party respondent in this proceeding. It is further
Ordered that the order of this Court entered this day directing the Dade County Canvassing Board to refrain from in any way erasing the results of said second primary election from any voting machine used therefor in Dade County, Florida until the further order of this Court be and the same is hereby amended by including all of the Canvassing Boards of the aforementioned Counties in said order and each and every individual constituting said Canvassing Boards is hereby directed to observe the injunction of said order.
This order shall become effective instanter and shall be served by telegrams to the individual parties sent by the Clerk of this Court or under his direction.
It is so ordered.
CALDWELL, C. J., ROBERTS, DREW and ADAMS, JJ., concur.
THORNAL, J., dissents in part and concurs in part for reasons stated in original order entered this date.
PER CURIAM.
A petition for alternative writ of mandamus was filed in this Court June 6th against Tom Adams, Secretary of State of Florida; George T. Clark, Chuck Hall and Martin Braterman, as and for the Dade County Canvassing Board, seeking to compel the Dade County Canvassing Board to act upon the protest filed by the petitioners and to proceed in an orderly manner to recount the ballots cast in the primary election held on May 28, 1968. The relief sought against the respondent Tom Adams is that he, as Secretary of State, “be commanded to telephone each and every Supervisor of Registration or election and/or other representative of all County Canvassing Boards (which has previously [sic] not to accept a protest petition and request for recount) and advise said persons that he is without judicial authority to determine and advise them of the legal effect of Brake v. Gissendanner [Fla.App.], 206 So.2d 10, concerning the validity of protest petitions and request for recount filed under Chapter 102.166 and 102.167 F.S.A. where such petitions were filed in statutory form and within five days of midnight on May 28, 1968.” Obviously such relief against this constitutional officer would be not only improper but patently beyond the scope of mandamus.
In order to protect the complete exercise of the jurisiction of this Court in the premises in the event it determined it had jurisdiction under the Constitution to entertain these proceedings, an order was entered June 7th directing the respondent Dade County Canvassing Board to refrain from in any way erasing the results of said second primary election on any machine used therefor in Dade County, Florida until the further order of this Court. The Court *568 on the same day granted a petition to amend the foregoing order by making the Canvassing Boards of Alachua, Brevard, Broward, Duval, Hernando, Hillsborough, Lee, Leon, Manatee, Monroe, Orange, Palm Beach, Pinellas, Polk, Sarasota, Sumter and Volu-sia Counties and the individual members thereof parties respondent. On the same day this Court entered its order enjoining the said additional Boards and the individual members thereof in said counties to observe the injunction of the previous Dade County order of June 7th until the further order of this Court. This cause was then set for argument on Wednesday, June 12th, and all parties were directed to file briefs on the question of jurisdiction and the propriety of the issuance of an alternative writ in this cause.
The matter has now been orally argued before the Court en banc and, upon consideration thereof, the Court finds that it does not have jurisdiction under Section 4 of Article V of the Florida Constitution, F.S.A. to entertain these proceedings against the County Canvassing Boards and County officers named. The foregoing section of the Constitution proscribes the jurisdiction of this Court in original mandamus proceedings to those cases “when a state officer, board, commission or other agency authorized to represent the public generally or a member of such board, commission or other agency is named as respondent.” That the Constitution may lawfully proscribe our jurisdiction is not even debatable. We have decided that numerous times. In 1961 in State ex rel. Winton v. Town of Davie, Fla., 127 So.2d 671, 673, in considering this provision of the organic law we said:
“ * * * Applying this rule we have the view that the series of officers and functionaries delineated in the provision which we have quoted, is modified in its entirety by the word ‘State’ so that the power of this Court to issue writs of quo warranto is limited to those situations when a State officer, or a State commission, or other State agency is the respondent. This construction, we think, is consistent with the overall objectives sought to be accomplished by amended Article V, and fits into the pattern of jurisdiction designed for this Court.”
No case has been called to our attention, nor do we know of any since the rendition of the decision in the above case, where this Court has entertained an original proceeding in mandamus against any officer or board except state officers and state boards as defined in that case.
It was suggested at the oral argument in this cause that unless this Court entertain jurisdiction of these proceedings the petitioner would be wholly without remedy. There is no basis for this assertion. The Constitution, Article V, Section 5 and Section 6, vests in the district courts of appeal and in the circuit courts respectively complete power to issue writs of mandamus in original proceedings without restriction. The relators, in their apparent haste to reach this Court, seem to have overlooked these constitutional remedies immediately available to them. We are without power to remedy their oversight. Cf. City of Dunedin v. Bense, 90 So.2d 300 (Fla.1956).
We have also considered the motion for leave to amend the petition filed shortly before the hearing on June 12th attempting to make as parties Tom Adams, as Secretary of State, Fred O. Dickinson, as Comptroller, and Doyle Conner, as Commissioner of Agriculture, as and constituting the Board of State Canvassers of the State of Florida, but we find no merit therein and such motion to amend is denied.
The principal relief sought in these proceedings is against county officers and, having determined that the Constitution prohibits our exercise of jurisdiction against them, we have no alternative except to vacate the two orders of June 7th heretofore referred to and to dismiss the peti *569 tion and amended petition for alternative writ of mandamus.
It is so ordered.
THOMAS, DREW, THORNAL and ERVIN, JJ., concur.
ADAMS, J., dissents with opinion.
CALDWELL, C. J., and ROBERTS, J., dissent and concur with ADAMS, J.